No. 11,407.

CURTIS *v.* McCALL, JUDGE.

Decided March 1, 1926.

Petition for writ of mandamus.

*Writ Denied.*

1. STATUTES—*Construction.* All statutes shall be construed prospectively, unless a contrary intention is clearly manifest.

2. DIVORCE AND ALIMONY—*Decree—Statutes.* The provision of chapter 90, S. L. 1925, concerning divorces, that if the findings of fact and conclusions of law have not been set aside within six months from the day on which they are filed, the court shall grant a divorce to the party entitled thereto upon the application of either party, is not applicable to actions begun before the passage of the act.

*Original Proceeding.*

Mr. M. M. BULKELEY, for petitioner.

No appearance for respondent.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

FRANCES COFFMAN CURTIS brought this suit in the county court of Jefferson county against Claire Wendel Curtis to obtain a divorce. The defendant answered the complaint, and on March 20, 1924, the cause was heard, findings of fact and conclusions of law were entered finding the defendant guilty of desertion and nonsupport.

The findings of fact and conclusions of law not having been set aside, and the plaintiff not having asked for the decree, the defendant, on July 16, 1925, moved that a decree of divorce be granted. This motion was heard

on August 10, 1925, and denied.   On October 19, 1925, defendant filed his petition in this court, praying that a writ of mandamus issue to Charles McCall as county judge, commanding him to sign and file a decree in the divorce action.   An alternative writ issued.   No answer or return was made to the alternative writ, and no appearance by respondent.

Our divorce statute in force on September 20, 1924, the date upon which the plaintiff was entitled to a divorce in accordance with the findings, provided inter alia that if the findings of fact and conclusions of law had not been set aside within six months from the day on which they were filed, the court should grant a divorce to the party entitled thereto.   C. L. 1921, § 5604.

The General Assembly, by an act approved March 16, 1925 (c. 90, S. L. 1925), amended the above statute by providing that the court should grant a divorce to the party entitled thereto upon the application or motion of either party to the divorce action.

The question presented here, and the only one we determine, is whether this amendment reaches back so as to give the petitioner, the defendant in the divorce action and the guilty party, the right to have the divorce granted and the decree entered, the divorce case having been in all other respects disposed of before the passage of the amendment.

A familiar and fundamental rule of construction is that all statutes shall be construed prospectively unless a contrary intention is clearly manifest.   *French v. Deane,* 19 Colo. 504-514, 36 Pac. 609, 24 L. R. A. 387.

We think the contrary is not clearly manifest here. Moreover, retroactive legislation is prohibited by our Constitution, section 11, article 2.   Said section would not apply if the amendment here in question related to a remedy instead of a right, but it does not.   The amendment purports to give to the guilty party in a divorce action a right which he did not theretofore possess, i. e., the right to demand that a divorce decree be

entered. Assuming, but not deciding, the validity of this amendment, it can have no relation to actions begun before its passage.

The peremptory writ should be denied.