No. 16,030.

McNichols, Auditor *v.* Walton.

(208 P. [2d] 1156)

Decided July 11, 1949.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, for plaintiff in error.

Mr. David Brofman, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

ACTION was brought below by defendant in error, asserting that she was the widow of Harry Walton, who at the time of his death on May 29, 1947, was actively engaged as a police sergeant in the classified service of the City and County of Denver, police department, at a monthly compensation of $273.00; that the Police Pension and Relief Board duly approved a pension for her and that defendant, the City Auditor, had failed and refused to pay the same. The Auditor by answer admitted these allegations, but challenged the sufficiency of the complaint to state a claim upon which relief could be granted, and denied plaintiff's right to pension. Upon hearing of the cause, the trial court held plaintiff was entitled to a monthly benefit of $91.00, commencing June 1, 1947, or the date of application therefor, and the Auditor here seeks review.

This case brings up the second of the many and difficult questions of interpretation growing out of the unfortunately worded policemen's pension amendment to the Denver Charter, which plague the city officials and demand much time and labor by the courts. The question here involved is entirely different than that considered in *Kirschwing v. O'Donnell,* 120 Colo. 125, 207 (P. 2d) 819, recently decided, wherein we were required first to give our attention to this amendment. As well said by the city attorney in his brief: "The difficulty is primarily that of gathering the intent of the voters of Denver from what may be implied from the language used in the absence of a square declaration of intent on the point involved here."

Prior to June 1, 1947, pensions to widows of policemen were authorized by ordinance, section 1576 of the Municipal Code, enacted under authority of section 239 (sec. 133) of the Denver Charter. This section provided that "If any such officer, member or employee die while in the service of said department (and such death is not the result of immoral conduct, or immoral or intemperate habits), leaving a family theretofore depend-

ent upon him and then without other adequate means of support," pension payments should be made until she remarried, in the sum of $40.00 per month.

Effective June 1, 1947, there was adopted a charter amendment commencing, "That section 239 (sec. 133) of the charter of the City and County of Denver be and the same hereby is amended to read as follows." This amendment provided for the creation of a police pension and relief board and a committee for the investigation of pensions and relief; for the retirement of members of the police department and pensions therefor; for sick leave and for compensation in case of injury in line of duty. Following these comes the provision with which we are here concerned, reading as follows:

"Dependents.

"Upon the death of any member of the Denver Police Department who was in active service or retired as herein provided, his widow shall be entitled to receive monthly benefits from the 'Pension and Relief Fund' equal to one-third of the salary of said member at the time of his death * * *. Said benefits shall terminate upon death or remarriage."

It is first urged in behalf of the auditor that the benefits provided for widows in the amendment have no application to the widows of officers who died before that date; that the phrase "upon the death of any member" negatives any intent that it should apply to widows of officers who died before its effective date, and that to make it applicable to such a widow would accord it retrospective operation contrary to the prohibition of article II, section 11 of our Colorado Constitution. We believe both of these objections to be resolved by *People ex rel. Albright v. Board of Trustees*, 103 Colo. 1, 82 P. (2d) 765.

 This charter provision constitutes an amendment to the prior pension provision and as noted in the Albright case, quoting from Black on the Interpretation of Laws: "An amendment of a statute by subsequent act

operates precisely as if the subject matter of the amendment had been incorporated in the prior act at the time of its adoption, so far as regards any action had after the amendment is made." Whether or not such rule be of universal application, it should be presumptive in the absence of other evidence of intent. In search of such evidence we find nothing in the amendment to suggest intent to terminate the then existing pensions of all widows of policemen who died prior to the effective date of the act. Such an enactment would be arbitrary and brutally unfair; it would be contrary to the purpose and tendency of pension provisions and discourage and embitter police officers through fear that an ungrateful public might by similar subsequent legislation terminate the pensions of their widows who might survive. Further, as said in the Albright case: "We think that an act is not retroactive if it applies to persons who presently possess a continuing status even though a part or all of the requirements to constitute it were fulfilled prior to the passage of the act or the amendments thereto."

It is further urged by plaintiff in error that there is nothing in the charter amendment indicating the intent to confer benefits upon those who were widowed prior to the effective date of the amendment and who were also disqualified from receiving pensions under the previous law. Whether or not plaintiff would have been disqualified does not appear. A distinction as to the rights of widows dependent upon whether the spouse died before or after June 1, 1947, would be arbitrary and unfair. The patent intent of the framers of the amendment was to change the basis of recovery as set up under the original act and extend it to include the widow of any member who had died in active service or retired as provided in the amendment, and such intent would apply equally to the widows of officers who died before and those who had died after its effective date.

The validity of an act providing pensions to

widows of police officers is well established as being primarily for the public good. Such being the case, under the Constitution and established law in this jurisdiction, pensions may properly be provided for those whose widowhood existed prior to the passage of the act and who were not entitled to pension under the prior ordinance. This, as we recognize, is contrary to the weight of authority. Annotation, 142 A.L.R. 938. However, in the Albright case, supra, we held increase of pension valid and not retrospective as to those who had been widowed prior to the date of the amendment, saying: "In the creation of such status there is no discrimination between widows who became such before the amendment and those becoming such thereafter." There seems to be no distinction in principle as to the use of public funds whether in providing a new pension or increasing an existing pension. This interpretation has been further established by our decision in *Bedford v. White,* 106 Colo. 439, 106 P. (2d) 469, where we held pensions valid as to judges whose terms had expired prior to the passage of the act.

The issue in this case relates only to the rights of plaintiff and persons similarly situated.

The judgment of the trial court thereon is affirmed.

MR. JUSTICE HAYS dissents.

MR. JUSTICE HAYS dissenting.

The court by the majority opinion legalizes the payment of monthly benefits to a widow whose husband died prior to the date of the charter amendment here considered upon the ground that to do otherwise would be "arbitrary and brutally unfair." With utmost respect to the author of the opinion and the concurring justices, I submit that it is not within our province to determine whether the people of the City and County of Denver in adopting the charter amendment acted arbitrarily or unfairly. That is their business and not ours. It is our duty, as I see it, to uphold what the people did

when the intent, as here, is plain, whether right or wrong, fair or unfair, reasonable or arbitrary. We are not justified in rewriting the amendment or any part thereof merely because we might think the people should have included this widow or should have used more fortunate language in expressing their intent.

The amendment provides generally for pensions for retired members of the police department and for monthly benefits to widows and children of deceased members thereof.

Following the retirement provision we find: "The pension herein provided for shall be paid to those who have been retired from service prior to the effective date of this amendment, as well as those who shall be so retired after the effective date of this amendment. * * *" No such provision follows the paragraph granting to widows of deceased members monthly benefits, but by judicial legislation there was added by this court, in effect, a new paragraph patterned after the one above, to wit: "The benefits herein provided for shall be paid to those who have become widowed prior to the effective date of this amendment, as well as those who shall become widowed after the effective date of this amendment; * * *" It will be noted in connection with the above judicially added paragraph that we have used the exact language of the people as set forth in the paragraph following the retirement provision with appropriate minor changes to make it applicable to dependents.

I do not believe that we have the right upon the pretext of liberal construction or of the supposed intent of the charter framers to "change and broaden the basis of recovery" or to indulge in such legislative activity to the neglect of our own judicial functions. The people of Denver demonstrated in the clause following the retirement provision that they are fully competent to find words to make any provision of the amendment retroactive when such is their intent. Not having done so

with respect to the dependents provision, it seems conclusive that the people did not intend to make it retroactive in its operation. While I am in sympathy with the laudable object accomplished as a result of the majority opinion, I cannot join therein, because of a firm belief that the people of Denver, not this court, should, by proper legislative enactment, make such benefits available to the applicant.