## No. 16,063.

PERRY ET AL. *v*. O'FARRELL.
(212 P. [2d] 848)

Decided October 31, 1949. Rehearing denied December 12, 1949.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, Mr. Horace N. Hawkins, Jr., for plaintiffs in error.

Mr. Anthony F. Zarlengo, Mr. B. C. Hilliard, Jr., Mr. Tom Nevin, for defendant in error.

Mr. John Zanoni, Mr. John R. Barry, amici curiae.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

On November 7, 1944, at the general election held on that date, an amendment to section 14 of article XII of the Colorado State Constitution was approved and adopted by the people and is, as to all matters here involved, as follows:

"In each and every examination held or conducted by * * * the civil service commission of any political subdivision of the state, including cities * * * chartered * * * under the XXth amendment to the Constitution of the State of Colorado, * * * for * * * promotions to offices and places of trust and employment in * * * the civil service * * *, the passing grade for each candidate shall be the same. Five points shall be added to the grades of candidates receiving a passing grade who served in the armed forces of the United States in times of war and who were honorably discharged therefrom * * *. Eligibility lists shall be kept and maintained for reasonable periods of all who have made passing grades in such examinations and the candidates placed thereon in the order of the grades received by them, including any points added as herein provided. The persons on said lists shall be deemed most fit and of the highest

excellence and shall be * * * promoted in accordance with their order thereon.

* * *

"This section of the Constitution shall be in full force and effect from the date of its approval by the vote of the people, as provided in this Constitution, and it shall be in all respects self-enacting." S.L. '45, p. 365.

The application and the construction of this so-called "Veteran's Preference Amendment" is the basis of the controversy before us. The trial court, upon submission under the agreed statement of facts, determined that O'Farrell was entitled to have a five-point preference added to his grade as shown on an eligible list made on October 26, 1944, twelve days before the adoption of the constitutional amendment above referred to. Error is specified to the judgment entered by the trial court.

No dispute as to the facts is involved and the pertinent parts of the agreed statement of facts, upon which the controversy was submitted and is based on the appearance of the parties as in the trial court where defendant in error is here designated as plaintiff and the plaintiffs in error, as defendants, are as follows:

Agreed as to proper designation of parties plaintiff and defendant and defendants Rex F. Hunt and Verne E. McCoy were members of the classified service of the police department of the City and County of Denver; that plaintiff entered the armed services of the United States on October 22, 1942, and on October 23, 1942, was granted indefinite leave of absence by the civil service commission; that on September 16, 1944, the civil service commission conducted an examination to establish an eligible list for promotion from the rank of sergeant to captain, and on that date plaintiff and defendants Rex F. Hunt and Verne E. McCoy were sergeants in the classified service and plaintiff, Hunt, McCoy and in addition Harding, Morton, Lawless and others did take promotional examination; that examination papers were graded and those eligible entered on a list for ap-

pointment to the position of captain, together with their respective grades, and their positions on said list were: Harding 89.57%, first; Lon C. Morton, 86.74%, second; Rex F. Hunt, one of the defendants, 85.63%, third; Verne E. McCoy, 84.91%, fourth; Cornelius F. O'Farrell, plaintiff, 81.73%, fifth, and Wallie Lawless, 80.33%, sixth.

That on October 1, 1945, Harding was promoted to the rank of captain; that on October 25, 1945, the eligibility list was about to expire and the commission continued the list until a new list should be established by examination, however, not to exceed one year; that on June 6, 1946, plaintiff O'Farrell was honorably discharged from the armed services; that on July 1, 1946, he was reinstated as a member of the classified service of the police department; that on October 25, 1946, the manager of safety made requisition on the commission for a list of those eligible to appointment to the rank of captain and those highest on said eligibility list were certified to the manager of safety in the following sequence: Morton, first; Hunt, second; McCoy, third; O'Farrel, fourth; and Lawless, fifth, together with their relative standing; on November 1, 1946, Morton and the defendants Hunt and McCoy were appointed to the rank of captain and have since held such position; on October 29, 1946, plaintiff O'Farrell demanded of the commission that they add five points to his grade of 81.73% received by him on the promotional examination, and on November 19, 1946, his demand was denied.

It was further stipulated and agreed as to certain provisions of the charter of the City and County of Denver, the substance of which is as follows: Provisions for creation of civil service commission and the manner of the appointment of the members thereof, and provision for appointments and dismissals; commission to control all examinations; for power to make and enforce rules and for the classification of all employees in public service as specified; for open competitive examinations; for an eligible list from which vacancies are to be filled,

and a period of probation before employment; that all examinations are to be impartial and relate only to matters of fitness for the service applicants desire to enter; no certification for appointment of any person whose standing is less than 65% of complete proficiency; and that the preference shall be given to persons honorably discharged from the military service of the United States who served prior to January, 1866; when a position is to be filled, the appointing power to make requisition on the commission for the name of an eligible person, and the commission shall certify the names of three applicants, if there be so many having the highest percentage, one of whom shall be appointed; provision for the promotion in classified service on the basis of ascertained merit and seniority in service and standing by examination; that the vacancies in all cases to be filled by promotion; that the method of examining for promotions and the rules governing the same to be as near as may be as provided for applicants for original appointments.

It was further stipulated and agreed that on October 26, 1944, the rules of the civil service commission contained the following provisions which are, in substance: All candidates for original appointment receiving on examination rating above 65% in the mental examination should be placed on a tentative eligible list in the order of their standing subject to medical examination; that all names will be removed from the list at the expiration of one year unless, in the judgment of the commission, it is advisable that the names of all those eligible be continued for a period not to exceed one year; provisions for a requisition and certification for appointment; that within 30 days of the receipt of any certification for an original appointment and 15 days for a promotional appointment, the appointing officer shall make selection from the names certified to him; provisions for reduction of force, leave of absence and reinstatement; that in January, 1945, section 1 of rule IV,

sections 3 and 4°of rule V and section 4 of rule VIII of the civil service commission were amended to read as follows: "An eligible list, will be established after said examination, made up of the names of all candidates who have obtained a grade of 65 per cent, or more, on each portion of the examination. The order in which the names appear on such eligible list to be determined by the grades, made in the examination, plus any points which have been added for service in the armed forces in time of war, as provided by Section 14 of Article XII of the Constitution of the State of Colorado."

That upon receipt of requisition, the commission shall certify to the appointing officer from the list most nearly appropriate for such position, the names and addresses of those highest on the list in their proper sequence, certifying two more than the number of probable appointments. The persons on said list shall be deemed the most fit and of the highest excellence and shall be appointed or promoted in accordance with their order thereon. Except that appointments made after the effective date of the "Veterans' Preference Amendment" to the Constitution of the state of Colorado, adopted by the voters of Colorado, at the general election held on November 7, 1944, from an eligible list in effect at that time, but created prior to that date, shall be governed by the "rule of three" as provided in the rules and regulations of the commission which were in effect on the date indicated above, until the expiration of such eligible list; that promotions shall be based on ascertained merit, seniority in service and standing in competitive examination and for those eligible, such veterans' preference credit as is provided in section 14, article XII of the Constitution of the state of Colorado. The statement is verified by plaintiff in accordance with the rule.

On January 10, 1948, the court entered judgment in favor of plaintiff O'Farrell, finding that on the adoption of the constitutional amendment of section 14, article

XII, and the adoption by the Civil Service Commission of said amendment, plaintiff O'Farrell became entitled to have five points added to his grade of 81.73%, but the court declined to determine that plaintiff was entitled to appointment as captain and stated that this power rested in the Civil Service Commission and not the court. Five points are specified as error to this judgment, the substance of which is to the effect that the section of the Constitution involved does not entitle defendant in error to have five points added to his grade as a result of an examination conducted prior to November 7, 1944, the effective date of the constitutional amendment; that the section of the Constitution has no application to an eligible list established prior to the effective date of the amendment and that the amendment has no retrospective effect; that the defendant in error has not complied with the section of the Constitution involved; and has made no demand upon the Civil Service Commission for any additional points while the eligible list under which he claimed, was in force and effect and in no way made known his claim until after the list had expired.

 Determination of the entire controversy is embraced in an answer to the all-inclusive questions: (1) Does the constitutional amendment, being section 14, article XII, apply to a civil service promotional eligibility list *established before,* and *extended subsequent* to, the effective date of the amendment? (2) Does an honorably discharged veteran, whose name was on an existing promotional eligibility list, waive the veterans' preference as provided in the constitutional amendment if he makes no specific demand for such preference prior to the certification of others upon such list, but does make such demand prior to the appointment of the other persons certified?

By its clear wording, the constitutional amendment. hereinbefore set out provides that it shall take effect immediately upon its approval by the people and it is, therefore, self-executing. The purpose of the amend-

ment is manifest, and that purpose was to add five points to the passing grade of any honorably discharged veteran as provided, and the section should be so construed as to give it that effect without assault on the words employed. It is significant, with the hostilities of war unended, that the people had an avowed purpose to reward veterans; they expressed their intention to do so by the amendment to our organic law; and the underlying purpose and spirit so expressed should not be frustrated by narrow distinctions and minor technicalities. Such veterans' preference statutes and constitutional amendments have been upheld in nearly all jurisdictions, and almost without exception, have been liberally construed. On such a premise, we approach an examination of pertinent facts before us.

Plaintiff O'Farrell, while in the active service of the armed forces, on leave returned to Denver and took the promotional examination for police captain on September 16, 1944, and, having obtained a grade of 81.73%, higher than the passing grade, his name was placed on the eligibility list by the commission on October 26, 1944. A Colorado general election was held twelve days later, to wit, November 7, 1944, at which the people adopted the constitutional amendment here involved. The eligibility list, required to be maintained for all who had made passing grades in such examinations, having been in existence nearly one year, was about to expire by its own limitations, according to the rules of the commission, on October 28, 1945. Acting within the rules, the commission, instead of giving a new promotional examination to establish a new list, on October 25, 1945, extended the existing list for a period not to exceed one year.

Plaintiff O'Farrell was honorably discharged from the armed forces June 6, 1946, and on application, was duly reinstated on the police department July 1, 1946. On October 25, 1946, the manager of safety, the appointing power, made requisition for a list of those eligible

for appointment to the rank of captain. The commission certified to the manager the names of Morton, Hunt, McCoy and O'Farrell in the order named. Had O'Farrell been given the five points claimed by him, he would have been higher on the list than Hunt or McCoy.

Before the appointments were actually made, and on October 29, 1946, O'Farrell demanded of the commission that it add five points to his grade, which the commission failed to do, and Morton, Hunt and McCoy were appointed as captains in the classified service of the police department. The commission officially, on November 19, 1946, denied and refused the request of O'Farrell, that the points be added to his grade.

Plaintiffs in error make much argument upon their contention that the giving of additional credits on an examination held prior to the adoption of the constitutional amendment would be retrospective in effect, and by the giving of such credits, would place plaintiff O'Farrell higher on the list than Hunt and McCoy and would impair their vested rights. With this contention we are not in accord, for the reason that the list was in existence at the time of the effective date of the constitutional amendment was extended one year in lieu of another examination. This placed O'Farrell in the same position as having taken a second examination and receiving a like grade. The extension was the equivalent of another examination. Therefore, the eligible list in force and effect at the time the commission certified Hunt and McCoy over O'Farrell was in effect at the time O'Farrell became entitled to the credit by virtue of an honorable discharge from the armed service. To give plaintiff O'Farrell the credit claimed by him on such an existing list would not be giving retrospective effect to the amendment.

As to the matter of the contended vested rights of Hunt and McCoy, we determine their rights to have been only expectant and contingent, and such rights would only become vested by virtue of appointment to

the rank desired. Prior to any such appointment, many contingencies existed that could defeat their appointment. A vacancy might not occur, and if so, the appointing officer might not make requisition during the life of the existing eligible list, and their names might be removed for cause under the rules of the Civil Service Commission. Plaintiff O'Farrell had a continuing status under the existing facts as hereinbefore outlined even though he took the examination prior to the effective date of the constitutional amendment. This seems to be sound and just reasoning and finds support in the case of *People ex rel. v. Board of Trustees,* 103 Colo. 1, 82 P. (2d) 765, wherein this court stated: "An act is not retroactive if it applies to persons who presently possess a continuing status even though a part or all of the requirements to constitute it were fulfilled prior to the passage of the act or amendments thereto."

■ Finally, it is contended by plaintiffs in error that even if plaintiff O'Farrell was entitled to a five-point credit, that he waived any claim for it that he might have had by not applying for, or demanding, the credit during the life of the eligible list. This contention is based on the fact that plaintiff O'Farrell did not make his demand until four days after the expiration of the alleged list. However, it is to be noted that he made demand prior to the appointments by the commission. That he was regularly on the list cannot be questioned. He was certified on October 25, 1946, to the appointing authority by the commission. The list had not expired when he became entitled to the five-point credit. He made his demand within the fifteen days allowed the appointing authority after certification of the list to it and two days prior to the actual appointments. Following a liberal construction, and to further advance the intent and purpose of the Veterans' Preference Act, we are compelled to say that no demand was necessary under the existing facts, but had it been necessary, it was made, and in sufficient time.

█ The commission was cognizant of the terms and mandates of the constitutional amendment. Theirs was the duty to comply with its mandates and the public, as well as veterans affected, had a right to assume that they would perform their duty. The commission had before it O'Farrell's honorable discharge, his application for reinstatement, his reinstatement, and should have been aware of the fact that he was entitled to a five-point credit upon the effective date of the amendment and should have, of its own motion, added the additional points. O'Farrell had a right to assume that the commission had given him full credit and he did not know that vacancies existed, or that a requisition would be made for appointments until it actually occurred on October 25, 1946. Upon the action of the commission following that date, O'Farrell was aware of the fact that the commission had failed to follow the mandates of the Constitution in not granting him the extra points of preference. A persuasive case on this question is *Jones v. O'Toole,* 190 Cal. 252, 212 Pac. 9, where the veteran made no claim for additional points but the commission, upon learning that he was a veteran, added the points on its own motion.

█ The amendment here involved, by its own terms self-enacting, became immediately effective by adoption. This automatically provided five extra points for O'Farrell on the list then in existence and it was mandatory upon the commission to so credit him immediately. We do not see how any ambiguity could enter into the consideration of the application of the amendment to plaintiff O'Farrell, but if ambiguity is suggested, the resulting construction should be in his favor as being one of those for whose benefit the amendment was adopted.

For the reasons herein stated, we hold that the judgment of the trial court was right, and accordingly, it is affirmed.

MR. JUSTICE HAYES and MR. JUSTICE ALTER dissent.