AIC Charles V. HEUCHAN, Appellant,

v.

Melvin LAIRD, Secretary of Defense, Robert C. Seams, Jr., Secretary of the Air Force, Major General Adams, Adjutant General, Mo. Air Nat'l Guard, Lt. Col. Howard Finley, Commander, Geeia Squadron (MoAng), Appellees.

No. 20031.

United States Court of Appeals, Eighth Circuit.

June 15, 1970.

Francis L. Ruppert, of Ruppert & Schlueter, Clayton, Mo., for appellant.

Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellees; Daniel Bartlett, Jr., U. S. Atty., on the brief.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Airman First Class Charles V. Heuchan, a member of the 218th GEEIA (Ground Electronics Engineering Installation Agency) Squadron in the Missouri Air National Guard, a unit of the Air Force Ready Reserve, sought to annul, by an action in the United States district court, an order of the Air Force requiring that he report for a tour of active duty for a period of seventeen months and twenty-nine days commencing November 22, 1969. Heuchan's failure to acquire training skills precipitated the activation order and this controversy. Judge Meredith denied his claim for relief.[1] Heuchan, thereafter, brought this timely appeal. We affirm.

In 1966, the appellant commenced an on-the-job training course (which also required home study) offered through his unit for the purpose of developing his skills as an outside wireman. His squadron was charged with performing the mission of installing ground communications equipment such as telephonic equipment, antennae, towers and poles. Heuchan successfully achieved the first "skill level" in this training program, but failed to show any further satisfactory progress. After failing two examinations in 1967 to test whether he had achieved advanced skills, his commander permitted him to re-enroll in the course for the next year. Heuchan again twice failed in his examinations, the last failure occurring on February 16, 1969.

The Air Force, in 1969, in compliance with directives of the Department of Defense, modified a previous policy relating to reservists who satisfactorily at-

---

1. In the district court, Heuchan relied upon 28 U.S.C. §§ 2201, 2202 (declaratory judgment), § 1361 (in the nature of a mandamus proceeding against a federal officer) and § 1651 (all writ statute) as a basis for federal jurisdiction.

tended unit drills but failed to show satisfactory progress in training. Under the modified policy, such persons might be ordered into active duty for a total of twenty-four months, less time served on active duty, as reservists who had not participated satisfactorily in a unit of the Ready Reserve pursuant to the authority granted the President in 10 U.S. C. § 673a.[2]

■ A March 19, 1969, letter from the Air Force to the Chief of the National Guard instructed that the Department of Defense interpreted the term "satisfactory participation" to include advancement in training and "[t]hus a member who fails to progress satisfactorily is subject to being involuntarily ordered to active duty for up to 24 months in lieu of the 45 day tour of active duty [as specified in earlier directives]." This letter further noted that no reservist failing to progress satisfactorily in training would be ordered to forty-five days of involuntary active duty after May 15, 1969, but effective July 1, 1969, would be subject to the revised policy. The crux of the issue in this case flows from the timing of this directive and its application to Airman Heuchan's earlier failures. Heuchan argues that at the time he failed to show satisfactory progress in his training, he was subject to being called to active duty for but forty-five days and the Air Force violated due process by retroactive application of the directive.

This argument rests upon an ingenious, but unsupportable, factual basis. Appellant inaptly characterizes the Air Force's modification of its policy relating to reservists performing unsatisfactorily as operating retroactively. The undisputed facts of this record compel a contrary conclusion. We examine them.

(1) Heuchan's inability to attain proficiency in his military occupation produced a continuing failure to satisfactorily participate as a reservist in his unit. The unit commander testified that the inability of one member in a squadron to carry out an assignment impairs the effectiveness of the entire unit.

(2) Heuchan's unit commander acted "prospectively" following his unit's receipt of military directives announcing a change in policy relating to reservists performing unsatisfactorily in their unit. In accordance with Air Force directives, he referred Heuchan's occupational proficiency records to a base classification board for review. On this board's first review of Heuchan's qualifications on March 17, 1969, it determined that the airman's training had been adequate and recommended Heuchan be activated on an involuntary basis for an extended period of time. The unit commander, retaining some doubt whether the board had fully considered all issues, resubmitted Heuchan's records concerning his performance to a second board in June of 1969. That board again considered the matter and reiterated its earlier findings and recommendation.

(3) Heuchan's commanding officer, in July of 1969, only after receipt of these latter findings initiated a request through military channels that Heuchan be activated.

■ Heuchan's failure to learn the military occupational skills required of him pervaded all his military-technical functions in his squadron. In short, his conduct demonstrated a present inability

---

2. This statute, as pertinent, reads:

§ 673a. Ready Reserve: members not assigned to, or participating satisfactorily in, units

(a) Notwithstanding any other provision of law, the President may order to active duty any member of the Ready Reserve of an armed force who—

(1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve;

\* \* \* \* \*

A reservist who fails to attend drills may be involuntarily activated for twenty-four months pursuant to the authority granted by this statute. Schultz v. Clifford, 417 F.2d 775 (8th Cir. 1969), affirming per curiam, 303 F.Supp. 965 (D. Minn.1968), cert. denied, Schultz v. Laird, 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 420 (1970).

to perform his military occupation and, as such, afforded his commanding officer a valid reason to recommend that Heuchan leave the unit and be required under his reserve obligation to enter into involuntary active duty. Regulations of prospective force which provide for determinations based upon past events are not retroactive in a constitutional sense, carry the same validity as other prospective rulings and may be applied to persons possessing a continuing status. Bishop v. Review Committee, etc., 298 F.2d 386, 390 (8th Cir. 1962); see Massey Motors, Inc. v. United States, 364 U.S. 92, 80 S.Ct. 1411, 4 L. Ed.2d 1592 (1960); Perry v. O'Farrell, 120 Colo. 561, 212 P.2d 848, 852 (Colo. 1949); and generally, Davis, Administrative Law Treatise, § 5.09 (1958).

■ Appellant concedes in his brief that Congress may modify the enlistment contract such as the one under which he enlisted in the Air National Guard and in the Reserves. At the time of his enlistment, his contract prevented the Air Force from calling him into active duty for more than forty-five days for unsatisfactory participation. The statutory enactment contained in 10 U. S.C. § 673a and its implementation by executive order and military directives operated to validly modify that contractual provision. Dix v. Rollins, 413 F.2d 711 (8th Cir. 1969); Schultz, supra, 417 F.2d 775; Fox v. Brown, 402 F.2d 837 (2d Cir. 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1219, 22 L.Ed.2d 471 (1969).

In Dix, supra, we noted in an analogous factual situation that a reservist questioning the military's right to order him to active duty in a proceeding before the courts bears "the heavy burden * * * to show that the President and his authorized representatives abused the discretion vested in them in calling him to active service." In that case, we held that the military might modify its policy and utilize its existing powers to activate a reservist though it had earlier advised the reservist that he was not

then subject to call under the provisions of 10 U.S.C. § 673a.

Heuchan fails to demonstrate on this record that the Air Force, in calling him to active duty for an extended period of time, violated any of his constitutional rights.

Affirmed.