MR. JUSTICE DAY
delivered the opinion of the Court.
We granted certiorari in this case to review the decision of the court of appeals in Taylor v. Public Employees’ Retirement Association of Colorado, 35 Colo.App. 9, 529 P.2d 1356 (1974), reversing an order of the trial court which granted a judgment in favor of petitioner, Dorothy Taylor, and denied a motion for summary judgment sought by respondent, Public Employees’ Retirement Association (PERA). We reverse.
The facts in this case are not in dispute. Petitioner was an employee of the state of Colorado for eight years from 1934 to 1942 and had deducted from her salary the required payments to the PERA fund. In 1942 she left state employment and withdrew the entire amount which she had paid into the fund.
In 1960 she. re-entered state employment but because of the five-year lapse could only begin anew and take the required deductions from salary until 1972 when she retired. At that time she was awarded a pension based upon the last twelve years during which she had been employed in state service.
In June 1973, Colo. Sess. Laws 1973, ch. 321, 111-1-10(1) at 1121[1] (hereinafter “the 1973 amendment” or “the amendment”) amended 1969 Perm. Supp., C.R.S. 1963, 111-1-10(1) as follows (capital letters indicate new material, and dashes through words indicate deletion from the section amended):
“Members may be reinstated. (1) Whenever any member of the public employees’ retirement association who ceases covered employment shall re-enter REENTERS the employment of any affiliated employer within five years of-said- cessation of employment, AND REMAINS IN SAID EMPLOYMENT FOR A PERIOD OF AT LEAST ONE YEAR, the service credit forfeited OR DEFERRED by such member at the time of such separation, whether by withdrawal of funds or otherwise, shall be restored upon repayment by such employee to the retirement fund of the full amount of all moneys withdrawn, if any;-and, in addition thereto, in *488 any-event, an amount equal to such monthly salary deduetions as he would have-paid during-the-period-of non-employment- with interest at few SIX percent, compounded semiannually, on the full amount of such payments to the retirement fund; thereupon, such employee shall resume his obligation as a member with full rights and benefits^as-of-the -date he first became a member of the retirement association, but no service credit shall be allowable for retirement purposes for any period of nonemployment.”
Following enactment of the 1973 amendment, petitioner offered to pay back the funds which she had previously withdrawn, together with interest; and asked that her pension benefits be adjusted to reflect twenty years of service (eight years previous employment plus the last 12) rather than twelve. Respondent refused. Petitioner then sought relief in the form of a petition in the nature of mandamus under C.R.C.P. 106(a)(2).
In reversing the trial court’s judgment in favor of Taylor, the court of appeals held that the 1973 amendment did not apply to her because of her retirement prior to the enactment. The court concluded that ruling otherwise would give the amended statute retrospective[2] application contrary to Colo. Sess. Laws 1973, ch. 406, 135-1-202 at 1424 (now section 2-4-202, C.R.S. 1973), a codification of an established common law principle. Curtis v. McCall, 79 Colo. 122, 244 P. 70 (1926).[3] We, however, do not agree with the court of appeals’ majority opinion that petitioner seeks retroactive application of the amendment.
In People ex rel. Albright v. Board of Trustees, 103 Colo. 1, 82 P.2d 765 (1938), we determined that widows of deceased firemen were entitled to receive an increased amount of pension funds under an amendment passed subsequent to the time that their husbands had died. We rejected the argument that to do so would give the amendment retroactive effect. Prior Colorado cases were cited with approval, defining a retrospective act as one “. . . which takes away or impairs vested rights acquired under existing laws, or creates a new obligation. .. .”
There is no question that the retirement benefits payable to petitioner are a “vested right of which [she] cannot be deprived.” Police Pension and Relief Board v. McPhail, 139 Colo. 330, 338 P.2d 694 (1959); accord, Police Pension and Relief Board v. Bills, 148 Colo. 383, 366 P.2d 581 (1961). Allowing petitioner to take advantage of the option made available by the 1973 amendment, however, does not impair her vested rights nor does it create any new obligations either for her or for respondent. While petitioner’s pension will be increased by being calculated according to twenty rather than twelve years of service — respondent, in turn, will have received petitioner’s previously withdrawn funds with compounded interest. The rights and obligations of each side remain in balance. The increased pension would have begun from the date of the *489 repayment of the withdrawn funds plus interest. She did not seek payment back to the date of her retirement which would be a retroactive application. Petitioner gains no more than those in active service who re-entered the employment prior to the 1973 amendment. Nor is she in any different position than if she had in 1973 re-entered the service, stayed a year and then retired again — an absurd interpretative requirement.
Furthermore, in Albright, supra, we stated that an amendment to a statute is not retroactively applied if the amendment covers the same subject matter as the original statute and if the person(s) claiming under the amendment had a continuing status under both the original statute and the amendment:
“. . . We think that an act is not retroactive if it applies to persons who presently possess a continuing status even though a part or all of the requirements to constitute it were fulfilled prior to the passage of the act or amendments thereto....”
As the dissenting opinion of the court of appeals points out, petitioner meets both requirements under Albright. Also see McNichols v. Walton, 120 Colo. 269, 208 P.2d 1156 (1949). Contrary to the majority view, Albright and Walton are sound authority in support of petitioner’s position. We disagree with the view that these cases were based on the outdated rationale that government employee pensions are a gift, subject to whatever changes the lawmaker decides to make, rather than a right which becomes vested at the time of retirement. In fact we stated in Albright:
“. . . Since respondents assert that the rights of those already receiving benefits are vested, we so assume for the purposes of this case, . . . [i]f vested, the right to receive $30 a month from the fund is not impaired by payment of $40 a month.” (Emphasis added.)
Moreover, the fact that petitioner had certain pension rights at the time of retirement, in no way precludes post-retirement pension changes which increase rather than decrease benefits received thereunder. In McPhail, supra, we stated that “. . . changes may be made in the pension system looking to strengthening and bettering it . . .” as long as the vested rights of pensioners are not abridged or weakened.
We would also note that when the legislature amended section 111-1-10(1), it omitted the future tense “shall re-enter” and substituted the present tense form of the verb. The clear implication is that the legislature thereby intended to allow the amendment to apply to persons not only who would in the future re-enter, but who had already re-entered state employment at the time of the passage of the amendment and had otherwise complied with its requirements: (1) that at least one year be spent in re-entered employment and (2) previously withdrawn funds be restored. Moreover, the amendment does not state (as the legislature could have provided) that it applies to those who “hereafter re-enter the employment of any affiliated employer. . .” As was noted in Endsley v. Public Employees’ Retirement Association, 33 Colo.App. 416, 520 P.2d 1063 *490 (1974), ambiguities appearing in statutes regulating pension and retirement funds are construed favorably toward the employee.
Petitioner is therefore entitled to avail' herself of the option provided by the 1973 amendment and, upon compliance with its requirements, have her pension benefits computed on the basis of twenty years of service as a state employee.
The judgment of the court of appeals is reversed and the cause returned to it for appropriate remand.
MR. CHIEF JUSTICE PRINGLE does not participate.

Now section 24-51-110(1), C.R.S. 1973

The term “retroactive” is synonymous and used interchangeably herein.

Colo. Const. Art. II, Sec. 11 proscribes the enactment of laws which operate retrospectivelv.