Charles F. STEWART,
Petitioner-Appellant,

v.

PUBLIC EMPLOYEES' RETIREMENT
ASSOCIATION of Colorado,
Respondent-Appellee.

No. 79CA0017.

Colorado Court of Appeals,
Div. I.

July 5, 1979.

Rehearing Denied Aug. 2, 1979.

Certiorari Denied June 9, 1980.

Robert C. Floyd, Denver, for petitioner-appellant.

Frank Plaut, P. C., John D. Beckman, Lakewood, for respondent-appellee.

VAN CISE, Judge.

Petitioner, Charles F. Stewart, appeals from the judgment of the trial court affirming the action of the respondent, Public Employees Retirement Association of Colorado (PERA), in denying his application for increased retirement benefits and in dismissing his mandamus petition. We reverse.

The facts of this case are not disputed. Stewart was a district court judge in the ninth judicial district of this state. He served in that capacity from January 5, 1971, until his retirement on May 1, 1976.

Pursuant to § 24–51–607(3), C.R.S. 1973, since his retirement Stewart has been paid a monthly pension of 2½% of the average of his highest monthly salary during the five years preceding retirement, multiplied by the number of years of service.

In 1977, following Stewart's retirement, the General Assembly amended § 24–51–607(2)(a), C.R.S. 1973. The amendatory legislation, effective July 1, 1977, modified the statute by increasing the pension benefit for those judges with more than five and less than ten years of service.

In November 1977, Stewart notified PERA that he was eligible for increased pension benefits under the amendment to § 24–51–607(2)(a). After a hearing, the PERA Board of Directors denied Stewart's application for increased retirement benefits.

The present action was then commenced in the district court, seeking a writ in the nature of mandamus and review of the PERA action pursuant to C.R.C.P. 106. The court held that the legislative intent of the amendment to § 24–51–607(2)(a) was not to include judges retired prior to its effective date. It therefore denied the mandamus petition and held that PERA had not acted arbitrarily, capriciously, or abused its discretion.

Stewart appeals, contending that he is entitled to the increased retirement benefits provided by the statutory amendments. We agree.

At the time of Stewart's retirement in 1976, § 24–51–607, C.R.S. 1973, dealing with retirement of judges, provided, in pertinent part:

"(1) Any member of the retirement association who is serving on or after May 5, 1949, as a judge of the Colorado supreme court, Colorado court of appeals, district court, probate court, superior court, juvenile court, or county court for a period of five years in the aggregate, whether consecutive or nonconsecutive, who is not a participant in any other retirement or pension system under the laws of this state, and who has attained the age of sixty-five years, and who has ceased to be a judge of any one of the above-named courts, whether by the expiration of his term or by resignation, shall be eligible for retirement for superannuation.

"(2) Any such member, as described in subsection (1) of this section, who is serving in such capacity on July 1, 1973, shall be eligible to receive, upon attaining age sixty-five, a retirement benefit that is not less than the following schedule:

"(a) For at least ten years of service, but less than sixteen years, a monthly annuity equal to forty percent of the average of the highest monthly salary received by such member during any period of five consecutive years of service contained within the ten years of service immediately preceding his retirement;

. . . . .

"(3) Any such member who has attained the age of sixty-five years, and who has at least five years' credited service, and who is otherwise qualified for retirement benefits shall be eligible for retirement for superannuation. Upon retirement the member shall receive an annuity for the remainder of his life equal to two and one-half percent of the average of the highest monthly salary received by such member during any period of five consecutive years of service contained within the ten years of service immediately preceding his retirement multiplied by the number of years of service covered by monthly contributions and membership, not to exceed twenty years."

The 1977 amendment made the following changes:

"(2)(a) For at least FIVE years of service, but less than sixteen years, a monthly annuity equal to FOUR PERCENT FOR EACH SUCH YEAR OF SERVICE, BUT NOT TO EXCEED A TOTAL OF forty percent, MULTIPLIED BY the average of the highest monthly salary received by such member during any period of five consecutive years of service contained within the ten years of service immediately preceding his retirement OR, IF LESS THAN TEN YEARS, THE ENTIRE PERIOD OF SERVICE;" *See* § 24-51-607, C.R.S. 1973 (1978 Cum. Supp.)

Stewart was a member of PERA and served as a judge of the district court after May 5, 1949; he served for more than five years; he is not participating in any other state retirement system; he attained the age of sixty-five years; he has ceased to be a judge; and he had at least five years of service.

Although the statute does not on its face limit payment of increased retirement benefits to those judges not retired on the effective date of the amendment, PERA contends that the legislative intent was to do so. In order to ascertain the legislative intent, the PERA Board and the trial court below relied upon statements made by the bill's sponsor to the Senate while the 1977 amendment was pending. This was error.

■ The language used by the General Assembly in the bill is the touchstone of the legislative intent. It is only when the words used are ambiguous or would involve absurdity that resort may be had to legislative history. *See Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972); *City of Montrose v. Niles*, 124 Colo. 535, 238 P.2d 875 (1952).

■ Here, the statute as amended is unambiguous. It is not restricted in application to non-retired judges. Rather, it plainly applies to any judge meeting the stated requirements. Thus the trial court and the PERA Board erred in ignoring the unambiguous language of the statute and relying instead upon the legislative history.

PERA contends, however, that application of § 24-51-607(2)(a), as amended, to Stewart would be giving it retroactive effect in violation of § 2-4-202, C.R.S. 1973, and *Colo.Const.* Art. II, sec. 11. Section 2-4-202 provides that: "A statute is presumed to be prospective in its operation." That statute merely codifies the common law. *Curtis v. McCall*, 79 Colo. 122, 244 P. 70 (1926).

■ *Colo.Const.* Art. II, sec. 11, prohibits a law that is retrospective in its application. However, a law is applied retrospectively only when it " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation . . ..' " *People ex rel. Albright v. Board of Trustees*, 103 Colo. 1, 82 P.2d 765 (1938). The amendatory legislation does not impair Stewart's vested pension rights. "[T]he fact that petitioner had certain pension rights at the time of retirement, in no way precludes post-retirement pension changes which increase rather than decrease benefits received thereunder." *Taylor v. PERA*, 189 Colo. 486, 542 P.2d 383 (1975). Therefore there is no retroactive effect given to the statute by increasing Stewart's pension benefits from the effective date of the amendment.

PERA's contention that its "obligations" are increased is without merit. Here, as in *Taylor, supra*, the petitioner does "not seek payment back to the date of [his] retirement which would be a retroactive application," but only when he qualifies under the new statute. Thus we conclude that no question of retroactive application is involved in this case. *See Perry v. O'Farrell*, 120 Colo. 561, 212 P.2d 848 (1949); *McNichols v. Walton*, 120 Colo. 269, 208 P.2d 1156 (1949); *People ex rel. Albright v. Board of Trustees, supra*.

PERA also contends that Stewart does not meet the requirements for application of subsection (2) of § 24-51-607, C.R.S. 1973, because he is not a "member" of PERA. PERA relies upon the general definition of "member" contained in the Public

**1144**

Employees' Retirement Systems Act (PER-SA), § 24–51–101(3.5), C.R.S. 1973 (1978 Cum.Supp.). That statute defines "member" as "any employee making current contributions to the Public Employees' Retirement Association," and excludes "retired persons" from the definition. We do not find this argument persuasive.

Although § 24–51–607, dealing with retirement of judges, is a part of PERSA, even a cursory reading of subsections (1) and (2) reveals that the statute contains its own special definition of "member." Subsection (2) states in part, "any such member, as described in subsection (1) of this section . . .." The language of the statute thus unambiguously indicates that subsection (1) states a special definition of "member."

 When specific and general provisions of a statutory scheme are in conflict, the specific provision is given effect as a presumed exception to the general provision. *See Casselman v. Denver Tramway Corp.*, Colo.App., 568 P.2d 84 (1977), *rev'd on other grounds*, Colo., 577 P.2d 293 (1978). Here, Stewart meets the specific definition of "member" contained in § 24–51–607(1), C.R.S. 1973. That he may not be a member as that term is defined in § 24–51–101(3.5) (1978 Cum.Supp.) is therefore immaterial.

Judgment reversed and cause remanded to the district court with directions that it enter a judgment consistent with this opinion directing PERA to adjust Stewart's pension benefit and to pay him the increased benefits, effective as of July 1, 1977.

COYTE, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting:

The majority's interpretation effects a retroactive application of the amendment in violation of *Colo.Const.* Art. II, sec. 11. *Taylor v. PERA*, 189 Colo. 486, 542 P.2d 383 (1975), is distinguishable. The amendment there did not create new obligations for PERA since Taylor paid back all of the previously withdrawn funds, plus interest. "The rights and obligations of each side remain[ed] in balance." *Taylor, supra.* Here, on the other hand, the majority's application of the statute forces PERA to pay an increased amount of benefits to Judge Stewart without any corresponding contribution on his part. This creates a new obligation for PERA, and therefore results in a retroactive application of the amendment.

I would affirm the judgment of the trial court.