Charles J. McGrath, Director Division of Labor Department of Labor and Employment 1313 Sherman Denver, CO 80203
Dear Mr. McGrath:
This opinion letter is in response to your memorandum dated October 28, 1980 in which you requested advice with respect to (1) whether or not a worker who is injured as a result of an industrial accident prior to May 6, 1965 may be admitted to the Colorado Medical Disaster Insurance Fund and (2) whether a claimant whose industrial accident occurred prior to July 1, 1971 and who has exhausted his right to benefits pursuant to the Medical Disaster Insurance Fund is eligible for admission to the Colorado Major Medical Insurance Fund.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request presents two legal questions for analysis.
a. Whether admission into the Colorado Medical Disaster Fund and the Colorado Major Medical Insurance Fund of claimants, otherwise qualified for admission, whose industrial accidents occurred prior to the effective date of the respective Acts constitutes retrospective application of the statute?
 My conclusion is that admission of such qualified claimants does not constitute a retrospective application of these statutes.
b. Whether a claimant who has exhausted his rights pursuant to the Colorado Medical Disaster Insurance Fund should be admitted to the Colorado Major Medical Insurance Fund for additional benefits.
 My conclusion is yes, that such claimant who has reached the limits under the Colorado Medical Disaster Insurance Fund should be allowed admission into the Colorado Major Medical Insurance Fund for such further benefits which are appropriate under the statute.
ANALYSIS
1. The Colorado Medical Disaster Fund was created by the legislature effective May 6, 1965 to provide additional medical benefits for industrially injured workers above the $5000 provided by the employers pursuant to the Workmen's Compensation Act. Under its terms, medical benefits were to be provided to an industrially injured worker to a maximum of $35,000 which included all benefits paid for by the employer. Such sums were to be paid to the claimant to promote recovery, alleviate pain or reduce disability only after an application for admission to the fund had been filed and approved for the claimant and only where the limits of liability provided under C.R.S. 1963, 81-10-1 and 81-18-20, as amended, had been exhausted. These limits of liability were the employer's liability for medical aid under the Workmen's Compensation Act and the Occupational Disease Act. In 1965 the employer's limit of liability was $3500. This was successively amended by the legislature to increase the liability as follows: in 1967 to $5000, in 1971 to $7500, and in 1973 to $20,000.
Similarly, the Colorado Major Medical Insurance Fund, effective on July 1, 1971 was established to provide additional medical benefits for industrially injured workers where the limits of liability of the employer provided under C.R.S. 1963, 81-10-1 and 81-18-20 had been exhausted. C.R.S. 1963, 81-20-8(1) (Supp. 1971). In the case of the Colorado Major Medical Insurance Fund, however, there was no maximum of benefits which was payable to defray the cost of necessary medical, surgical and hospital expenses. In 1975 the statute was amended to provide additional benefits in the form of various supplies, apparatus, and vocational rehabilitation for the qualified claimant. C.R.S. 1973, 8-66-107, as amended.
A statute cannot be applied retrospectively unless a clear legislative intent is expressed in the language of the statute that it be so applied. All other statutes must be applied prospectively. McCowan v. Equitable Life Assur.Soc. of the U.S., 179 P.2d 275 (Colo. 1947). There is no language in either the Colorado Medical Disaster Insurance Act nor the Colorado Major Medical Insurance Fund Act authorizing retrospective application. The question, therefore, becomes whether allowing the claimant, whose industrial accident occurred prior to the effective date of the respective Act, admission into the fund thereunder constitutes a prohibited retrospective application of the Act.
A retrospective application of a statute is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. People v. Board of Trustees of Firemen'sPension Fund, 82 P.2d 765, 771 (Colo. 1938). A statute is not rendered retroactive merely because the facts upon which it operates occurred at a time antecedent to its application.Tucker v. Claimants in Death of Gonzales,546 P.2d 1271, 1274 (Colo.App. 1976); and McNichols v.Walton, 208 P.2d 1156, 1157 (Colo. 1949). Rather the focus of inquiry should be directed to whether application of the Act to the situation causes a deprivation of rights or extension of the liabilities which had accrued at the time of the effective date of the Act. Tucker v. Claimants in Death ofGonzales, supra. A right accrues only when litigation could first have been successfully maintained thereunder. Id. When the act which triggers the application of a statute occurs after the effective date of the statute there is no retroactive application of the statute.Nix v. Tice, 607 P.2d 399, 400 (Colo.App. 1980);McCartney v. West Adams County Fire ProtectionDistrict, 40 Colo. App. 330, 574 P.2d 516 (1978). In the application of either the Colorado Medical Disaster Insurance Fund or the Colorado Major Medical Insurance Fund Act the triggering event is not the injury to the worker but, rather, exhaustion of the limits of the employer's liability and demonstration of a need for further sums of money to promote recovery, alleviate pain or reduce disability (or to be rehabilitated, in the case of the Colorado Major Medical Insurance Fund). Thus, the admission into either fund of a claimant who exhausted the employer's statutory limits of liability and otherwise qualified would not constitute a retrospective application of the statute even if the injury occurred prior to the effective date of the respective statute. This is to be distinguished from the situation in which the triggering event is the injury to the worker which occurred prior to the amendment to the statute thereby resulting in a denial of benefits, as was the case in Eight Thousand West Corporationv. Stewart, 546 P.2d 1281 (Colo.App. 1976).
2. The second question posed by your request includes the question of retrospective application, but specifically involves claimants who have received benefits to the statutory limits prescribed under the Colorado Medical Disaster Insurance Fund Act. These claimants may potentially apply to the Colorado Major Medical Insurance Fund for the unlimited medical benefits and vocational rehabilitation provided therein.
Initially, it should be noted that the Colorado Major Medical Insurance Fund Act is devoid of any language which would indicate legislative intent to preclude the admission of those who had exhausted benefits under the Colorado Medical Disaster Insurance Fund. McNichols v. Walton, 208 P.2d 1156 (Colo. 1949). The legislature's failure to repeal the Medical Disaster Insurance Fund Act in its entirety merely signifies the legislature's intent to leave those already admitted to the Medical Disaster Insurance Fund in order to exhaust that fund prior to their potential admission to the Colorado Major Medical Insurance Fund. It appears that no further admissions into the Colorado Medical Disaster Insurance Fund were contemplated after the Major Medical Insurance Fund was passed thereby negating the necessity of further funding the Colorado Medical Disaster Insurance Fund which is evidenced by the legislature's repeal of the premium tax payable by employers to that fund. C.R.S. 1963, 81-19-2, as amended in 1971 by Senate bill 353. Additionally, vocational rehabilitation, supportive services and medical apparatus benefits were not added to the Colorado Major Medical Insurance Fund until 1975. The only difference in benefits between the Colorado Medical Disaster Insurance Fund and the Colorado Major Medical Insurance Fund in 1971 when the latter was enacted was the $35,000 limitation on medical benefits under the Medical Disaster Insurance Fund. Thus, the legislature could not be deemed to be indicating any intent to preclude those admitted to the Medical Disaster Insurance Fund from later admission into the Major Medical Insurance Fund by any difference in benefits at the inception of the Major Medical Insurance Fund Act.
My conclusion that there exists a legislative intent to include, rather than preclude, admission to the Major Medical Insurance Fund of those who exhaust the benefits under the Colorado Medical Disaster Insurance Fund Act is supported by the recognition that those admitted to the latter fund would be in a position unequal to those whose accident occurred prior to 1971 but who were first admitted to the Major Medical Fund due to the benefit discrepancy under the two acts, if those first admitted to the Colorado Medical Disaster Insurance Fund were later precluded from the Major Medical Insurance Fund. In interpreting a statute, an unjust or unnatural consequence will not be adopted unless such interpretation cannot be avoided. City and County of Denverv. Holmes, 400 P.2d 901, 156 Colo. 586 (Colo. 1965). Rather, the legislature is presumed to have intended a just and reasonable result. Conrad v. City of Thornton,36 Colo. App. 22, 536 P.2d 855, rev'd 553 P.2d 822,191 Colo. 444 (1975). The Colorado Workmen's Compensation Act is highly remedial and beneficent in purpose and all sections should be liberally construed so as to accomplish this purpose.Industrial Commission v. Baldwin, 139 Colo. 268,338 P.2d 103 (1959). To deny admission into the Major Medical Insurance Fund of those who had been admitted to the Medical Disaster Insurance Fund would be contrary to such beneficent purpose.
The claimants who seek admission to the Colorado Major Medical Insurance Fund following exhaustion of the Colorado Medical Disaster Insurance Fund combined limits of liability are seeking the benefits of a new fund established for the same purpose as the original fund. It is significant that the establishment language in each is identical:
 to defray medical, surgical, hospital, nursing, and drug expenses in excess of those provided under "The Workmen's Compensation Act of Colorado" and "The Colorado Occupational Disease Disability Act" for employees who have established their entitlement to disability benefits under said acts, whether necessary to promote recovery, alleviate pain or reduce disability.
C.R.S. 1963, 81-202-2(1) (Supp. 1971) and C.R.S. 1963, 81-19-2(1) (Supp. 1971). The Colorado courts have held that if any person has had a status upon which an original Act was effective, that status would continue under the Act as amended and the provisions of the amended Act would be applicable to that status without being applied retroactively. People ex rel.Albright v. Board of Trustees of Firemen's Pension Fund,82 P.2d 765, 771 (Colo. 1938). While the Colorado Major Medical Insurance Fund Act is not an amendment to the Colorado Medical Disaster Insurance Fund Act, both are amendments to the Workmen's Compensation Act, designed to accomplish the same purpose. There is, furthermore, no distinction in principle, as to the use of public funds, between providing a new funding scheme or amending an existing funding scheme to accomplish the same purpose.McNichols v. Walton, 208 P.2d 1156, 1158 (Colo. 1949). The status of qualified claimants admitted under the Colorado Medical Disaster Insurance Fund should continue under the provisions of the Major Medical Insurance Fund and entitle them to the increased benefits thereunder.
A claimant whose accident occurred prior to 1971 and who was admitted to the Colorado Medical Disaster Insurance Fund would necessarily have exhausted the employer's limits of liability as a qualification for admission. The employer's limit of liability was a maximum of $7,500 at the time of that admission. If this claimant seeks admission to the Colorado Major Medical Insurance Fund which currently requires exhaustion of the employer's liability of $20,000, the claimant should not be disqualified for admission into the Major Medical Insurance Fund because he cannot now meet the $20,000 qualification. As reasoned above (supra, page 5), those receiving benefits under the Colorado Medical Disaster Insurance Fund occupy a continuing status under the terms of the Colorado Major Medical Insurance Fund Act, even though a part or all of the requirements to constitute the status were fulfilled prior to the passage of the Act. People ex rel. Albright v. Board of Trustees ofFiremen's Pension Fund, supra, at 771. This status entitles the claimant to the increased benefits from the effective date of such increases, so that such increases are not retroactively applied. Nor are such increases in benefits without the corresponding increase in burden on the employer a disqualifying factor. No one would contend that once an individual claimant qualified for admission into the Colorado Major Medical Fund under the $7,500 employer liability limit in 1971, the individual would have to subsequently qualify again when the limits of liability of the employer were raised to $20,000. Such application would impair the vested rights of those whose rights to benefits under the Act had already been established and would be a retroactive application of the statute. Id. To require those who would receive benefits under the new statute on the basis of their continuing status as claimants in need of additional medical benefits to qualify under the increased limits of employer liability would similarly impair such claimant's vested rights. It would also place them in a position unequal to those who were first admitted to the Colorado Major Medical Fund under the lower limits of employer liability, an interpretation which is contrary to the purposes of the statute.
Finally, as you noted in your opinion request, the employer tax for the Colorado Medical Disaster Insurance Fund Act was 1/2 percent on all earned workmen's compensation premiums whereas that imposed for the Colorado Major Medical Insurance Fund, initially set at 1 1/4 percent, is now 1 3/4 percent. Such taxing differential does not impair the rights of those who qualify for benefits under the Colorado Major Medical Insurance Fund after the date of the Act nor does it impose a new duty or obligation on employers in respect to transactions or occurrences already past. Those who have not yet qualified for medical benefits have not yet acquired any rights and will have to qualify under the law as amended. As to the policy of the law regarding who should receive benefits, the Division of Labor has no vested rights, but is only under the duty to administer the fund in accordance with the law. Id. Therefore, no impairment of rights is contemplated nor new duty or obligation imposed, as any rights to benefits under the Colorado Major Medical Insurance Fund would accrue only after its effective date. Therefore, the taxing differential between the two Acts does not result in a retroactive application of the Colorado Major Medical Insurance Fund Act upon admission of those previously admitted under the Medical Disaster Insurance Fund Act.
SUMMARY
In summary, it is my conclusion that claimants whose injuries occur prior to the effective dates of the Colorado Medical Disaster Insurance Fund and the Colorado Major Medical Insurance Fund should be admitted thereto if the claimants otherwise qualify. Prior admission to the Medical Disaster Insurance Fund does not preclude subsequent admission to the Major Medical Insurance Fund even if all requirements were met prior to the effective date of the Major Medical Insurance Fund Act, because such claimant has a continuing status entitling him to benefits under this Act.
Very truly yours,
 J.D. MacFARLANE Attorney General
INSURANCE PUBLIC FUNDS DATE, EFFECTIVE MEDICAID AND MEDICARE
C.R.S. 1963, 81-19-1 et seq. (1965 Supp.) C.R.S. 1963, 81-20-1 et seq.
LABOR EMPLOYMENT DEPT. Labor, Div. of Major Medical
Workmen's compensation claimants who are otherwise qualified but whose injuries occurred prior to the effective dates of the Acts establishing the Medical Disaster Insurance Fund and Colorado Major Medical Insurance Fund must be admitted to said funds.