574 P.2d 516 (1978)
William J. McCARTNEY and Local No. 2203, International Association of Fire Fighters, AFL-CIO, Plaintiffs-Appellants,
v.
WEST ADAMS COUNTY FIRE PROTECTION DISTRICT, James Dover, Individually and as Chairman of the West Adams County Fire Protection District, James Yates, Individually and as Treasurer of the West Adams County Fire Protection District, Walter Stonehocker, Ed Pierce and George Green, each Individually and as members of the Board of Directors of the West Adams County Fire Protection District, the Board of Directors of the West Adams County Fire Protection District, the Civil Service Committee of the West Adams County Fire Protection District, d/b/a and a/k/a the Civil Service Commission of the West Adams County Fire Protection District, Kermit L. Darkey, Individually and as Chairman of the Civil Service Committee of the West Adams County Fire Protection District, Hixon Elliott and Virgil F. Bruns, each Individually and as members of the Civil Service Committee of the West Adams County Fire Protection District and Robert Earl Stonehocker, Individually and as Fire Chief of the West Adams County Fire Protection District, Defendants-Appellees.
No. 77-657.
Colorado Court of Appeals, Div. I.
January 19, 1978.
*517 Brauer & Simons, P. C., Mark N. Simons, Thomas B. Buescher, Denver, for plaintiffs-appellants.
Stitt, Wittenbrink & Roan, P. C., James R. Stitt, Westminster, for defendants-appellees.
ENOCH, Judge.
The plaintiff William McCartney was employed as a fireman for the West Adams County Fire Protection District. On May 11, 1976, the Board of Directors of the District discharged McCartney from his employment. On May 14, 1976, McCartney filed an appeal with the Civil Service Committee of the District challenging the validity of the discharge. By a decision which took effect on September 29, 1976, the Committee upheld the action of the Board of Directors. On November 22, 1976, plaintiffs commenced an action in the district court seeking judicial review of the decision of the Civil Service Committee. Upon motion of the defendants, the court dismissed the plaintiffs' action on the basis that it had not been commenced within 30 days of the effective date of the Committee's decision as required by § 24-4-106(4), C.R.S.1973 (1976 Cum.Supp.). From that dismissal plaintiff appeals. We affirm.
Section 32-5-315(5), C.R.S.1973, provides that judicial review of a decision of a Civil Service Committee of a Fire Protection District "may be had in the same manner as prescribed in section 24-4-106, C.R.S.1973." Section 24-4-106, C.R.S.1973, provided as follows:
Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court . . . within sixty days after such agency action becomes effective.
Effective May 24, 1976, an amendment to this statute reduced the time period in which a party aggrieved by agency action could commence an action for judicial review from 60 to 30 days. See § 24-4-106(4), C.R.S.1973 (1976 Cum.Supp.).
Admittedly plaintiffs' action for judicial review was not commenced within 30 days of the effective date of the decision of the Civil Service Committee. Plaintiffs contend, however, that their cause of action accrued on May 11, 1976, the date McCartney was discharged from his employment, and that the 60 day limitation period which was in effect until May 24, 1976, was applicable.
An amendment to a statute is not to be given retroactive application unless a contrary intent is clearly manifested therein. Allchurch v. Project Unicorn, Ltd., 33 Colo.App. 173, 516 P.2d 441. However, a statute is not considered to be retroactive in its application merely because the facts upon which it operated occurred antecedent to its effective date. Rowe v. Tucker, Colo. App., 560 P.2d 843; Tucker v. Claimants in Death of Gonzales, Colo.App., 546 P.2d 1271.
In Rowe v. Tucker, this court held that a statute used in computing the period of redemption did not become material until the right of redemption arose, that is, until after the foreclosure sale, and concluded therefore that a statute which became effective between the date the deed of trust was executed and the foreclosure sale consummated was not retroactively applied. Similarly, a statute defining the period within which judicial review can be sought does not become material until after the right to review arises, that is, until after a final decision adverse to claimant. See Colorado Department of Revenue v. District Court, 172 Colo. 144, 470 P.2d 864. Accordingly, since the right to seek judicial review did not arise until September 29, 1976, the date when the Civil Service Committee's action became final, the 30 day period which was in effect at that time was applicable.
*518 Plaintiff's action for judicial review was not timely filed and the trial court's judgment of dismissal was correct.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.