David Robert NIX, Plaintiff-Appellant,

v.

William TICE, a Hearing Examiner for the State of Colorado, Department of Revenue, Motor Vehicle Division; George L. Theobald, Hearing Division Director, Motor Vehicle Division, Department of Revenue of the State of Colorado, and Alan Charnes, Director of the Department of Revenue, State of Colorado, Defendants-Appellees.

No. 79CA0446.

Colorado Court of Appeals, Division II.

Jan. 31, 1980.

G. William Beardslee, Fort Collins, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Richard H. Forman, Asst. Attys. Gen., Denver, for defendants-appellees.

BERMAN, Judge.

Plaintiff, David Nix, appeals from a judgment sustaining a twelve month revocation of his driver's license by the Department of Revenue. We affirm.

The record reflects that plaintiff's driver's license was revoked on September 7, 1976, for six months, pursuant to § 42–4–1202(3)(e), C.R.S.1973, after he had refused to take an implied consent chemical test. At the time, the statute provided for a single six month revocation for each refusal to take the test.

This statute was amended in 1977 to provide, in pertinent part:

"[T]he department shall forthwith revoke . . . his privilege to operate a motor vehicle within this state for a period of *three months for the first such revocation and for a period of twelve months for the second and each subsequent revocation or* denial within any five-year period . . ." Section 42–4–1202(3)(e), C.R.S.1973 (1978 Cum.Supp.) (emphasis supplied).

On August 1, 1978, the plaintiff was again arrested, and requested to take the implied consent test, which he refused to do. Based upon the 1976 revocation, the hearing officer ruled that the 1978 violation constituted a second refusal, and revoked plaintiff's license for twelve months.

On appeal, plaintiff's sole contention is that the hearing officer's consideration of the 1976 revocation which occurred before the 1977 amendment to the statute was an unconstitutional retroactive application of a statute. *Colo. Const.* Art. II, Sec. 11. Plaintiff maintains that this retroactive application impaired his vested right in his driver's license, created a new obligation, imposed a different duty, or attached a different duty in respect to transactions or considerations already past. We reject this contention.

Contrary to plaintiff's position, an amended statute which is applied to a factual situation which occurred prior to the enactment of the amendment is not viewed as retroactive in application, where, as here, the act which triggers application of the amended statute occurs after the effective date of the amended statute. *McCartney v. West Adams County Fire Protection District*, 40 Colo.App. 330, 574 P.2d 516 (1978). Accordingly, we hold that the hearing officer correctly considered the 1976 revocation in his decision revoking the plaintiff's license for twelve months under § 42–4–1202(3)(e), C.R.S.1973 (1978 Cum.Supp.).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.