**Oris SANCHEZ, Plaintiff-Appellant,**

v.

**The STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.**

**No. 82CA1338.**

Colorado Court of Appeals.

July 7, 1983.

Butler, Landrum, Pierce & Turner, P.C., Donald L. Banghart, Lakewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiff, Oris Sanchez, appeals the judgment of the district court affirming the Department of Revenue's revocation of his driver's license. He contends that the application of the mandatory revocation provision of § 42–2–122(1)(g), C.R.S.1973 (1982 Cum.Supp.) to him was improper because only one of the offenses upon which the revocation of his license was based occurred after the effective date of the amendment. We affirm.

Sanchez was convicted on November 1, 1978, and again on October 8, 1981, of driving while his ability was impaired by alcohol.

Prior to 1981 the offense of driving while ability impaired was not one for which mandatory revocation of a driver's license was specified. *See* § 42–2–122(1)(g), C.R.S. 1973. However, § 42–2–122(1)(g), C.R.S. 1973 (1982 Cum.Supp.) now provides for

mandatory revocation of the license of a driver who has:

"[b]een convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug which made him incapable of safely operating a motor vehicle or while ability is impaired by the consumption of alcohol and has a *previous* conviction of any such offenses within the *previous* five years ... ." (emphasis added).

The General Assembly specified that this amendment "shall take effect July 1, 1981, and shall apply to offenses committed on or after said date." Colo.Sess.Laws 1981, ch. 486 at 1930.

Sanchez argues that the use of the plural form "offenses" in the effective date clause is evidence of an intent by the General Assembly that both offenses upon which a revocation is based must occur after July 1, 1981. We do not agree.

When interpreting a statute, effect must be given to the meaning of the language used by the General Assembly. *R & R Well Service Co. v. Industrial Commission,* 658 P.2d 1389 (Colo.App.1983). The above-quoted statute provides a sanction for specific offenses committed after its effective date. No sanctions are imposed on acts occurring prior to the effective date. Rather, they serve as a condition for imposing a particular penalty for the later offense. *See Nix v. Tice,* 44 Colo.App. 42, 607 P.2d 399 (1980); *see also Shoemaker v. Atchison,* 406 So.2d 986 (Ala.Civ.App.1981) (involving a similar statute). This mode of statutory operation is not retroactive, nor does it constitute an ex post facto law in a criminal setting. *See Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *Nix v. Tice, supra.*

The statutory interpretation urged by Sanchez could result in up to a five-year postponement of the applicability of the statute, thereby undermining the legislative intent to enhance penalties for the lesser alcohol-related offense of driving while ability impaired. We cannot adopt a construction which so contravenes the clear legislative intent. *See People v. Meyers,* 182 Colo. 21, 510 P.2d 430 (1973).

Judgment affirmed.

PIERCE and SMITH, JJ., concur.