**Robert A. ZARAGOZA,**
**Plaintiff-Appellant,**

v.

**The DIRECTOR OF the DEPARTMENT OF REVENUE and the Motor Vehicle Division of the Department of Revenue, the Department of Revenue of the State of Colorado and Carolyn Nelson, Defendants-Appellees.**

**No. 83SA474.**

Supreme Court of Colorado,
En Banc.

July 8, 1985.

Joel Judd, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees.

NEIGHBORS, Justice.

The appellant, Robert Zaragoza, appeals the district court's order upholding the revocation of his driver's license pursuant to the version of section 42–2–122(1)(g), 17 C.R.S. (1984), then in effect. Zaragoza claims that the plain wording of the section and the proscription against retrospective legislation found in the Colorado Constitution [1] preclude the application of the statute to him. We reject his arguments and affirm the judgment of the district court.

I.

On November 23, 1982, the Motor Vehicle Division of the Colorado Department of Revenue held a hearing to determine whether Zaragoza's driver's license or driving privilege should be revoked. The hearing officer found that Zaragoza had been twice convicted of the offense of driving while his ability was impaired by the consumption of alcohol, first on December 23, 1977, and again on September 1, 1982. [2]

Because the convictions for these two offenses occurred within five years, Zaragoza's driver's license was revoked pursuant to section 42–2–122(1)(g), 17 C.R.S. (1984).

Zaragoza appealed the revocation of his driver's license to the District Court for the City and County of Denver, which affirmed the action of the department of revenue.

II.

The version of section 42–2–122(1)(g) in effect at the time Zaragoza's license was revoked provided:

(1) The department shall forthwith revoke the license of any driver, minor driver, or provisional driver upon receiving a record showing that such driver has:

....

(g) Been convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug which made him incapable of safely operating a motor vehicle or while ability is impaired by the consumption of alcohol and has a previous conviction of any of such offenses within the previous five years; except that, in the case of a minor driver, said revocation shall occur after the first conviction....

This provision took effect on July 1, 1981. *See* Ch. 486, sec. 2, § 42–2–122(1)(g), 1981 Colo.Sess.Laws 1930. [3]

Since only one of Zaragoza's two predicate convictions occurred after the passage of this version of section 42–2–122(1)(g), the other having occurred on December 23, 1977, he contends that the provision may not be used to revoke his driver's license. Zaragoza argues that the plain language of the statute precludes its application to his case and he also asserts that construction

---

1. Colo. Const. art. II, § 11.

2. § 42–4–1202(1)(b), 17 C.R.S. (1984).

3. The statute has been amended to provide for the revocation of the license of one who has "[b]een convicted of any offense provided for in section 42–4–1202(1) or (1.5) and has a previous conviction of any of such offenses within the previous five years; except that, in the case of a minor driver, said revocation shall occur after the first conviction." § 42–2–122(1)(g), 17 C.R.S. (1984). This version of the statute did not take effect, however, until July 1, 1983, and thus is not relevant to the revocation order here. *See* Ch. 476, sec. 21, 1983 Colo.Sess.Laws 1631, 1649.

of the statute allowing revocation of a license where one of the predicate convictions occurred before the effective date of the enactment would render the provision retrospective legislation in violation of the Colorado Constitution.

### A.

■ Our reading of the statute does not support Zaragoza's contention that its literal meaning precludes revocation of his driving privilege under the circumstances of this case. He argues that section 2 of the act, providing that "[t]his act shall take effect July 1, 1981, and shall apply to offenses committed on or after said date" refers to all the predicate offenses rather than to the underlying or triggering offense. However, section 42–2–122(1)(g) previously provided for the license revocation of a driver who had:

(g) Been twice convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug which made him incapable of safely operating a motor vehicle within a period of five years; except, in the case of a minor driver, said revocation shall occur after the first conviction.

*See* Ch. 486, sec. 1, § 42–2–122(1)(g), 1981 Colo.Sess.Laws 1930. In our view, the deletion of the reference to having been "twice convicted" of predicate offenses "within a period of five years" and its replacement with the reference to "a previous conviction ... within the previous five years" indicates a legislative intention to clarify that it is only the triggering offense that must occur after the effective date of the act.[4]

### B.

■ Nor do we agree with Zaragoza that this interpretation of section 42–2–122(1)(g) renders the statute unconstitutionally retroactive. The Colorado Constitution pro-

hibits the enactment of retrospective legislation: "No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly." Colo. Const. art. II, § 11. The proscription against retroactive legislation prohibits the impairment of vested rights, the creation of new obligations or duties, or the attachment of new disabilities with respect to past transactions. *Continental Title Co. v. District Court*, 645 P.2d 1310 (Colo.1982). However, "[a]pplication of a statute is not rendered retroactive and unlawful merely because the facts upon which it operates occurred before adoption of the statute." *Id.* at 1314.

■ In this case, the revocation of Zaragoza's driver's license in accordance with section 42–2–122(1)(g) is the direct result of the latest conviction for one of the offenses enumerated in the statute. It is only the triggering offense to which this consequence attaches and, so long as that offense occurred after the effective date of the statute, the legislation is not retrospective in nature. It is clear, and Zaragoza does not contend otherwise, that "[t]he proceedings to revoke a driver's license on the basis of previous convictions for violations are not intended as further punishment of the violator, but are designed soley [sic] for the protection of the public in the use of highways...." *Campbell v. State, Department of Revenue, Division of Motor Vehicles*, 176 Colo. 202, 211, 491 P.2d 1385, 1390 (1971). In order to further this goal of protecting the public in the use of the state's highways, the legislature may legitimately provide that the revocation of a license to drive be triggered by the last in a series of offenses without offending the proscription against retrospective legislation.[5]

---

**4.** It is, of course, unnecessary for us to hold that the earlier version of the statute required both predicate convictions to occur after the enactment of the statute, and we do not mean to be understood that the prior language required

such an interpretation. We only infer from the change in wording that the legislature intended to clarify the meaning of the statute.

**5.** Although the prohibition against ex post facto legislation applies only to criminal penalties

The Colorado Court of Appeals earlier addressed the identical issue in *Sanchez v. State, Department of Revenue, Motor Vehicle Division*, 667 P.2d 779 (Colo.App. 1983). In rejecting the same challenge to section 42–2–122(1)(g) as that raised by Zaragoza, the court noted that "[n]o sanctions are imposed on acts occurring prior to the effective date" of the statute. *Id.* at 780. We agree with the court of appeals' analysis that the predicate offense merely operates as a condition which triggers the consequence imposed by the statute.

The judgment of the district court is affirmed.

and thus is not applicable in this case, *see Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), analogous reasoning to that applied here has been used to uphold habitual criminal statutes against ex post facto challenges. Thus, in *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Supreme Court held that a habitual criminal statute could operate to enhance a defendant's sentence notwithstanding that one of the predicate convictions occurred before the passage of the statute: "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.* at 732, 68 S.Ct. at 1258.