No. 85-020

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

JOSEPH P. STIFFARM,

Petitioner and Appellant,

-vs-

WILLIAM F. FUROIS, as Chief
of the State of Montana,
Department of Justice, Motor
Vehicle Division, et al.,

Respondents.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Morrison, Barron & Young; Robert C. Melcher, Havre,
Montana

For Respondents:

Barbara Claassen, Assistant Attorney General, Helena,
Montana

Submitted on Briefs:  May 3, 1985

Decided:  August 15, 1985

Filed:  AUG 15 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Joseph Stiffarm appeals from an order of the District Court affirming the one-year revocation of his driver's license by the Montana Motor Vehicle Division of the Department of Justice.

On February 5, 1984, appellant was arrested for the offense of driving under the influence of alcohol. The appellant refused to submit to a chemical test to determine the alcohol concentration of his breath. Appellant had previously refused the chemical test in March of 1982. The Motor Vehicle Division invoked section 61-8-402, MCA which requires the revocation of a driver's license for one year upon a second or subsequent refusal to submit to a chemical test within five years of a previous refusal.

On September 13, 1984, the appellant filed a petition for writ of mandamus and claimed that the application of the mandatory revocation provision of section 61-8-402, MCA was improper because only one of the offenses upon which the revocation of his license was based, occurred after the effective date of the amendment. The District Court ordered the State to either return the appellant's driver's license or to appeal the determination. Following a hearing, the District Court affirmed the Motor Vehicle Division's application of section 61-8-402, MCA and the writ of mandamus was vacated.

The dispositive issue before this Court is whether section 61-8-402, MCA, which requires revocation of a driver's license for one year upon a subsequent refusal to submit to a chemical test within five years of a previous refusal, was properly applied.

Section 61-8-402, MCA provides:

> "(1) Any person who operates a motor vehicle upon ways of this state open to the public shall be deemed to have given consent, subject to the provision of 61-8-401, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a motor vehicle while under the influence of alcohol.
>
> " . . .
>
> "(3) If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the division, immediately seize his driver's license. The peace officer shall forward the license to the division, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the division shall suspend the license for the period provided in subsection (5).
>
> " . . .
>
> "(5) The following suspension and revocation periods are applicable upon refusal to submit to a chemical test:
>
> "(a) upon a first refusal, a suspension of 90 days with no provision for a restricted probationary license;
>
> "(b) upon a second or subsequent refusal within 5 years of a previous refusal, as determined from the record of the division, a revocation of 1 year with no provision for a restricted probationary license."    (Emphasis supplied.)

Prior to October 1, 1983, Montana law provided for a sixty-day suspension of an individual's driver's license for failure to take a chemical test.    Section 61-8-402, MCA

3

(1981). In 1983, section 61-8-402, MCA was amended, changing the sixty-day suspension period to ninety-days. Section 61-8-402(5)(a), MCA. In addition, the amended version provided for mandatory revocation of the license of a driver who has refused the chemical test a second time within five years of the previous refusal. Section 61-8-402(5)(b), MCA.

The appellant argues that section 61-8-402(5), MCA, should not be applied to require a revocation of his license. The appellant argues that he must be allowed a "final refusal" under the amended version of section 61-8-402(5), MCA before his license can be revoked based on a second or subsequent refusal. Moreover, the appellant maintains that section 1-2-109, MCA, which provides "no law contained in any of the statutes in Montana is retroactive unless expressly so declared," precludes retroactive application.

We find that section 61-8-402, MCA, is void of any language which expresses an intent to have it applied retroactively. However, we also find that section 61-8-402, MCA does not fall within the definition of a retroactive law.

No sanction was imposed on the first refusal occurring prior to the effective date. Rather, it served as a condition for imposing the one-year revocation for the subsequent refusal. The statute requires revocation of appellant's license in response to his refusal in February of 1984 because it was a repetitive refusal. In Sanchez v. State Dept. of Rev. Motor Veh. (Colo.App. 1983), 667 P.2d 779, a most similar sequence occurred. The Colorado Court of Appeals likewise upheld the mandatory revocation of a driver's license upon a second conviction of driving while ability impaired as applying to a case in which the second conviction occurred after the effective date of the statute,

4

but the first offense occurred prior to the effective date of the statute. "This mode of statutory operation is not retroactive, nor does it constitute an ex post facto law in a criminal setting." Sanchez, supra, 667 P.2d at 780; see also Gryger v. Burke (1948), 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683. We are in accord with rulings from courts from other jurisdictions that an amended statute which is applied to a factual situation which occurred prior to the enactment of the amendment is not viewed as retroactive in application. See Nix v. Tice (Colo.App. 1980), 607 P.2d 399; McCartney v. West Adams County Fire Protection District (Colo.App. 1978), 574 P.2d 516; Shoemaker v. Atchison (Ala.Civ.App. 1981), 406 So.2d 986.

Accordingly, we hold that the one-year revocation of the appellant's driver's license as mandated by section 61-8-402, MCA was proper. The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5