**David Alan SOMMER,**
**Plaintiff-Appellant,**

**v.**

**DEPARTMENT OF REVENUE, State of Colorado, Alan N. Charnes, Executive Director of the Department of Revenue, State of Colorado, R.W. Skeen and C. Nielsen, Hearing Officers for the Department of Revenue, State of Colorado, Defendants-Appellees.**

**No. 85SA80.**

Supreme Court of Colorado,
En Banc.

March 3, 1986.

Fuller & Evans, Larry G. Johnson, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellees.

PER CURIAM.

David Alan Sommer (appellant) appeals from a judgment upholding the revocation of his driver's license by the Department of Revenue, Division of Motor Vehicles (Department). We affirm the judgment.

On June 13, 1979, the appellant was convicted of driving while his ability was impaired by alcohol, in violation of the then current version of section 42–2–1202(1)(b), 17 C.R.S. (1984), for an incident that occurred on April 14, 1979. In 1981, the legislature amended section 42–2–122(1)(g), 17 C.R.S. (1973), with an effective date of July 1, 1981, to provide for the revocation of the license of any driver convicted of driving under the influence or while his ability was impaired by alcohol when the driver had sustained a similar conviction within the previous five years. *See* Ch. 486, sec. 1, § 42–2–122(1)(g), 1981 Colo. Sess.Laws 1930. On January 13, 1983, the appellant was again convicted of driving while ability impaired for an offense committed on January 13, 1982. Pursuant to section 42–2–122(1)(g), as amended in 1981, the Department revoked the appellant's driver's license on April 21, 1983. The district court affirmed the order of revocation, and the appellant brought this appeal.

■ The appellant raises three arguments on appeal. He first claims that section 42–2–122(1)(g) applies only to offenses committed on or after July 1, 1981, the effective date of the statute. In *Zaragoza v. Director of the Department of Revenue*, 702 P.2d 274 (Colo.1985), we held that the legislature, in amending section 42–2–122(1)(g) in 1981, intended to permit the revocation of a driver's license to be predicated on drunk driving offenses committed prior to July 1, 1981, so long as the new or "triggering offense" of drunk driving was committed on or after the effective date of the statute. Thus, the appellant's argument is without merit.

■ The appellant next claims that if section 42–2–122(1)(g) is construed to apply to convictions for offenses that occurred prior to July 1, 1981, the statute is unconstitutionally retroactive in violation of article II, section 11 of the Colorado Constitution. We rejected this argument in *Zaragoza*, where we stated:

> In this case, the revocation of Zaragoza's driver's license in accordance with section 42–2–122(1)(g) is the direct result of the latest conviction for one of the offenses enumerated in the statute. It is only the triggering offense to which this consequence attaches and, so long as that offense occurred after the effective date of the statute, the legislation is not retrospective in nature.

702 P.2d at 276. Contrary to the appellant's assertion, therefore, the statute is not unconstitutionally retroactive.

■ The appellant's final argument is that the above construction, which we approved in *Zaragoza*, violates due process of law in failing to provide adequate notice of the proscribed conduct. This argument is also devoid of merit. Section 42–2–122(1)(g) clearly states that a conviction for driving under the influence of or while ability is impaired by alcohol on or after July 1, 1981, will result in the revocation of the offender's driver's license when the offender has been convicted of either offense within the previous five years. The statute, as construed to permit license revocation predicated on prior alcohol-related traffic offenses, gives adequate notice of the proscribed conduct.

The judgment is affirmed.