**KIRBY OF SOUTHEAST DENVER, INC., Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of COLORADO, Colorado Division of Employment and Training, and Steven Gaunty, Respondents.**

**No. 85CA0623.**

Colorado Court of Appeals, Div. II.

Sept. 4, 1986.

Hughes, Pelz, Leach & Clikeman, P.C., David M. Cook, Denver, Lyman, Kyhos & Rales, Joseph J. Lyman, Washington, D.C., for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Colorado Div. of Employment and Training.

No appearance for respondent Steven Gaunty.

SMITH, Judge.

Plaintiff, Kirby of Southeast Denver, Inc. (Kirby), seeks review of the order of the Industrial Commission finding it liable for unemployment insurance taxes prior to April 12, 1983. We affirm.

Kirby contends that it should not be liable for the back taxes because § 8–70–103(11)(a)(2)(L), C.R.S. (1985 Cum.Supp.) which presently exempts it from paying the tax, should be applied retroactively to the period preceding its effective date of April 12, 1983. We disagree.

■ A statute is presumed to be prospective in its application. Section 2–4–202, C.R.S. (1980 Repl.Vol. 18) *see also* Colo. Const. art. II, § 11. And, an amendment to a statute is not to be given retroactive application unless a contrary intent is clearly manifested therein. *McCartney v. West Adams County Fire Protection District*, 40 Colo.App. 330, 574 P.2d 516 (1978). Further, pursuant to § 2–4–303, C.R.S. (1980 Repl.Vol. 18) the amendment of a statute shall not release, extinguish, or change in whole or in part any liability which was incurred under the statute before it was amended, unless the amending act expressly so provides.

■ Here, the Industrial Commission found that Kirby had incurred liability for unemployment insurance taxes prior to April 12, 1983. The fact that Kirby may not have been aware of its liability before that date does not in any way negate the fact that it existed under the statute at that time.

Kirby's other contentions are also without merit.

The order of the Industrial Commission is affirmed.

STERNBERG and BABCOCK, JJ., concur.