**Stephen J. MACKIE, Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 73209.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 17, 1989.

Rehearing Denied Dec. 5, 1989.

Dianne Smith, Tulsa, for appellant.

Douglas R. Young, Dept. of Public Safety, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's order sustaining the revocation of Appellant's driver's license for one year under the provisions of 47 O.S.Supp.1988 § 6–205.1(a)(3). On November 3, 1983, Appellant was arrested for operation of a motor vehicle under the influence of alcohol. By order dated February 21, 1984, Appellant's driver's license was revoked for three months beginning February 29. The revocation was subsequently modified to allow Appellant to drive to and from work.

Appellant was arrested for the same offense on January 7, 1989, over five years after the previous arrest, but only some four years and ten months after commencement of the 1984 license revocation. After administrative hearing, and by order dated March 22, 1989, Appellee revoked Appellant's driving privileges for a period of one year from March 27.

Appellant then sought review of Appellee's administrative revocation in the Dis-

trict Court of Tulsa County. The Trial Court held:

A. A prior revocation of [Appellant's] license to drive commenced within five (5) years preceding the date of [Appellant's] arrest out of which [the instant] order [of revocation] arises;

B. 47 O.S.Supp.1988 § 6–205.1(a)(3) is not an ex post facto law which is prohibited by the United States and Oklahoma Constitutions;

C. 47 O.S.Supp.1988 § 6–205.1(a)(3) was intended to consider previous revocations (i.e., those commencing prior to November 1, 1988) [the effective date of that statute]. Because the court has found that 47 O.S.Supp.1988 § 6–205.1(a)(3) may be applied to [Appellant] the court finds that it has no jurisdiction, due to the provisions of 47 O.S.Supp.1988 § 6–205.1(c) to grant to [Appellant] a license or permit to drive a motor vehicle based upon hardship or otherwise for the duration of the revocation period.

From that order, Appellant seeks review, asserting that (1) application of the 47 O.S. Supp.1988 § 6–205.1 to him amounts to a retrospective application of that statute contrary to rules of statutory construction; (2) 47 O.S.Supp.1988 § 6–205.1 amounts to a constitutionally prohibited *ex post facto* law; (3) the retrospective application of 47 O.S.Supp.1988 § 6–205.1 deprives him of his right to pursue a livelihood; and (4) error in refusing to modify the revocation on the grounds of extreme and unusual hardship.

Prior to November 1, 1988, 47 O.S.1982 and 1986 Supp. § 754(3) mandated a ninety (90) day revocation of driving privileges for those drivers arrested for driving under the influence of alcohol having a blood alcohol concentration of ten-hundreths (0.10) or more. Effective November 1, 1988, the legislature amended § 754 to provide for revocation of a person's driver's license for driving under the influence of alcohol having a blood alcohol concentration of ten-hundreths (0.10) or more "for a period of ninety (90) days *or more* as provided by [47 O.S.Supp.1988 § 6–205.1]." 47 O.S.Supp. 1988 § 754(C) (Emphasis added.)

Also prior to November 1, 1988, 47 O.S. 1987 Supp. § 754.1(A) permitted modification of the revocation period mandated by statute upon a showing of hardship. Subsequent to November 1, 1988, such revocation could be modified due to hardship "subject to the limitations of [47 O.S.Supp. 1988 § 6–205.1]." 47 O.S.Supp.1988 § 754.1(A). Section 6–205.1 provides in pertinent part:

(a) The driver's license or driving privilege of a person who is convicted of [driving or being in actual physical control of a motor vehicle while under the influence of alcohol], or a person who has refused to submit to a [breathalyzer or blood] test or tests as provided [by statute] or a person whose alcohol concentration is ten-hundreths (0.10) or more as provided [by statute], shall be revoked or denied by the Department of Public Safety for the following period, as applicable:

. . . . .

2. The first license revocation ... shall be for ninety (90) days, of which the first thirty (30) days shall not be modified;

3. A revocation ... shall be for a period of one (1) year if within five (5) years preceding the date of arrest relating thereto, a prior revocation commenced [under statute] as shown by the Department's records. Such period shall not be modified; ...

. . . . .

(c) Each period of license revocation not subject to modification shall be mandatory and neither the Department nor any court shall grant a license or permit to drive a motor vehicle based on hardship or otherwise for the duration of the period.

47 O.S.Supp.1988 § 6–205.1.

Thus, under the 1988 version of § 6–205.1, a first offense carries a revocation of ninety days, with no modification of the first thirty days of revocation; a second offense, "if within five (5) years preceding the date of [the second] arrest, a prior revocation commenced," carries a mandatory one year revocation with no modification available.

■ In his first allegation of error, Appellant asserts that the Trial Court erred in holding that 47 O.S.Supp.1988 § 6–205.1 was intended to be applied retrospectively. We disagree. The unambiguous and unequivocal language of 47 O.S. Supp.1988 § 6–205.1 calls for the review of a driver's record for the five year period previous to the instant charge for determination of the appropriate period of revocation, and this consideration of a driver's previous record does not, in our view, constitute "retroactive application" of § 6–205.1. To deny § 6–205.1 this effect as argued by Appellant would, in our opinion, fly directly in the face of the statutory language to the contrary. In that regard, we believe the legislative intent of 47 O.S. Supp.1988 § 6–205.1 is clear and *mandates* what Appellant would term "retrospective application" of that section.

While we have found no Oklahoma authority directly on-point with the facts and circumstances of this case, decisions from other jurisdictions have specifically approved statutory provisions substantially similar to § 6–205.1, allowing consideration of prior alcohol-related suspensions for purposes of enhancement of revocation, as not impermissibly retrospective. See, e.g., *Carter v. State*, 625 P.2d 313 (Alaska App. 1981); *Danks v. State*, 619 P.2d 720 (Alaska 1980); *Sommer v. Dept. of Revenue*, 714 P.2d 901 (Colo.1986); *Zaragoza v. Director of Dept. of Revenue*, 702 P.2d 274 (Colo.1985); *Sanchez v. State*, 667 P.2d 779 (Colo.App.1983); *Nix v. Tice*, 44 Colo.App. 42, 607 P.2d 399 (1980); *Stiffarm v. Furois*, 217 Mont. 335, 704 P.2d 75 (1985). This authority is also determinative of Appellant's second allegation of error, wherein he challenges 47 O.S.Supp.1988 § 6–205.1 as a constitutionally prohibited *ex post facto* law under Okla.Const. Art. II, § 15. As the Supreme Court of Colorado noted:

> The [constitutional] proscription against retroactive legislation prohibits the impairment of vested rights, the creation of new obligations or duties, or the attachment of new disabilities with respect to past transactions. (Citation omitted.) However, "[a]pplication of a statute is

not rendered retroactive and unlawful merely because the facts upon which it operates occurred before the adoption of the statute." (Citation omitted.)

> In this case, the revocation of [Appellant's] driver's license in accordance with [the enhancement-of-revocation-period statute] is the direct result of the latest conviction for one of the offenses enumerated by statute. *It is only the triggering offense to which this consequence attaches and, so long as that offense occurred after the effective date of the statute, the legislation is not retrospective in nature.*

*Zaragoza v. Director of Dept. of Revenue*, 702 P.2d at 276. (Emphasis added.)

Under this rationale and in the present case, because Appellant's subsequent one-year revocation (the "consequence") was "triggered" by an offense occurring after the effective date of § 6–205.1, that section does not violate the constitutional prohibition of retroactive legislation. *Zaragoza*, 702 P.2d at 276. We believe the rationale of the Colorado Supreme Court dispositive of Appellant's second proposition of error.

■ This position appears in accord with established Oklahoma law which also mandates rejection of Appellant's third and fourth propositions of error, by which Appellant asserts that the revocation of his driver's license operates to deprive him of his right to earn a livelihood, and should be modified on account of extreme hardship. As our Supreme Court has noted:

> The operation of a motor vehicle on a public highway is not a natural, absolute right, but a conditional privilege which may be granted, suspended, or revoked under the police power of the state. A driver's license is not a contract or a property right in the constitutional sense, ... The privilege is granted to those who are qualified, who comply with the reasonable police power requirements [of the state] in the interest of public safety and welfare, and is withheld from those who do not.

*Robertson v. State, ex rel. Lester*, 501 P.2d 1099, 1101 (Okl.1972).

Driver's license revocations or suspensions thus serve "to protect the public, not ... punish the licensee." *Robertson*, 501 P.2d at 1102; see also, *Price v. Reed*, 725 P.2d 1254, 1261 (Okl.1986); *In the Appl. of Baggett*, 531 P.2d 1011 (Okl.1974). Further:

> The fact that the suspension of Appellant's driver's license will prevent him from earning a living, since he is a truck driver and has no other training or skills, may not be considered by this Court.

*Winter v. Mayberry*, 533 P.2d 968, 969 (Okl.1975). (Emphasis added.) See also, *Marquardt v. Webb*, 545 P.2d 769, 773–774 (Okl.1976) (Oklahoma implied consent laws do not violate constitutional guarantees); accord, *Robertson*, 501 P.2d at 1102.

Additionally, our legislature has absolutely and unequivocally proscribed modification of Appellant's revocation. 47 O.S. Supp.1988 § 6–205.1(c). "Both the issuance and revocation of driver's licenses may be statutorily regulated for the protection of the traveling public." *Price*, 725 P.2d at 1261. We find this legislative proscription of modification of certain revocations to be a valid exercise of the police power of the state to "protect the public" and to "impress upon [licensee] the necessity of obeying the traffic rules for the safety of the public as well as that of himself." *Robertson*, 501 P.2d at 1102.

The order of the Trial Court sustaining Appellee's order of revocation of Appellant's driver's license for a period of one year without modification is therefore AFFIRMED.

HANSEN, P.J., and REYNOLDS, J., concur.