**John Harold ROGERS,
Plaintiff–Appellant,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellee.**

**No. 91CA1462.**

Colorado Court of Appeals,
Div. I.

Sept. 10, 1992.

Rehearing Denied Oct. 1, 1992.

from his convictions for alcohol-related traffic offenses. We affirm.

The essential facts are not in dispute. Plaintiff was arrested for an alcohol-related traffic offense in May 1987 and was subsequently convicted of driving while ability impaired. Plaintiff was again arrested for an alcohol-related traffic offense in February 1990 and was also subsequently convicted of driving while ability impaired in that case. Plaintiff was sentenced in each case in August 1990.

Following an administrative hearing, the Department thereafter revoked plaintiff's driver's license pursuant to § 42–2–122(1)(g), C.R.S. (1991 Cum.Supp.), which requires the Department to revoke a person's driver's license upon receiving a record showing that such driver has been twice convicted of alcohol-related traffic offenses for acts committed within a period of five years. The Department also denied plaintiff's request for a probationary license during the period of the revocation. The propriety of the revocation is not at issue in this appeal, as plaintiff seeks review only as to the denial of a probationary license during the revocation.

On review, the district court upheld the Department's order, ruling that plaintiff was not entitled to apply for a probationary license in this case pursuant to the 1990 amendments to § 42–2–122(4), C.R.S. (1991 Cum.Supp.), which took effect on July 1, 1990, and which repealed the previous provisions of that section formerly authorizing the issuance of probationary licenses in these circumstances.

Cherner & Blackman, Barbara S. Blackman, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Joseph Haughain, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

Plaintiff, John Harold Rogers, appeals from the district court judgment affirming the denial of his request for a probationary driver's license by the Department of Revenue (Department) during the period of mandatory license revocation resulting

■ Plaintiff contends that he remains eligible for consideration for a probationary license pursuant to the former provisions of § 42–2–122(4) because the application of the 1990 amendments to deny him a probationary license here is in violation of the constitutional prohibition against retrospective legislation and his due process rights. We disagree.

Prior to its amendment in 1990, § 42–2–122(4) provided, in pertinent part, that "[a]ny individual *who has had his license revoked* pursuant to [§ 42–2–122(1)(g)] *shall be eligible* for a hearing for a probationary license" under certain conditions.

Colo. Sess. Laws 1982, ch. 166 at 605 (emphasis added).

However, § 42–2–122(4) was repealed and reenacted effective July 1, 1990, and, as amended in 1990, this section no longer authorizes the issuance of probationary licenses in any circumstances. Colo. Sess. Laws 1990, ch. 298 at 1782. In addition, § 42–2–124(2)(a), C.R.S. (1991 Cum.Supp.) was also amended effective July 1, 1990, in the same 1990 legislation and now specifically provides, in pertinent part, that: "Any person *whose license* or privilege to drive a motor vehicle on the public highways *has been revoked is not entitled to apply for a probationary license.*" Colo. Sess. Laws 1990, ch. 298 at 1785 (emphasis added).

 The constitutional proscription against retrospective legislation prohibits the impairment of vested rights acquired under existing law, the creation of new obligations or duties, or the attachment of new disabilities with respect to past transactions. However, application of a statute is not rendered retroactive and unlawful merely because some of the facts upon which it operates occurred before the adoption of the statute. *Zaragoza v. Director of Department of Revenue*, 702 P.2d 274 (Colo.1985).

Here, as noted by the district court, any right plaintiff may have had under the former statutory scheme to apply for a probationary license here would not be triggered until his license had been revoked, and the revocation, in turn, could not occur until plaintiff had the status of having two of the requisite "convictions" within the five-year period. *See* § 42–2–122(1)(g); Colo. Sess. Laws 1982, ch. 166, § 42–2–122(4) at 605.

And, also as noted by the district court, the term "convicted" or "conviction" in this context is specifically defined by statute as meaning *"a sentence imposed* following a plea of guilty or nolo contendere or a verdict of guilty by the court or a jury." Section 42–2–121(3), C.R.S. (1991 Cum. Supp.) (emphasis added).

Thus, since plaintiff was not sentenced in either of the predicate criminal cases until August 1990, any right he could have claimed under the former statutory scheme to eligibility for a probationary license here would not have become vested until at least August 1990. By that time, however, the former statutory scheme had already been repealed and the current statutory scheme had already taken effect, which prohibits the issuance of probationary licenses in these circumstances.

Consequently, although plaintiff committed the criminal *offenses* prior to the effective date of the 1990 amendments, the application of the 1990 amendments to deny him a probationary license here was not unlawful as being retroactive in operation or in violation of his vested rights because the revocation and probationary license issues were not triggered until his criminal *convictions* occurred in August 1990, which was after the effective date of the 1990 amendments. *See Zaragoza v. Director of Department of Revenue, supra; see also Baldwin v. Industrial Claim Appeals Office*, 813 P.2d 807 (Colo.App.1991) (although claimant for unemployment benefits became unemployed prior to effective date of statutory amendments, application of such amendments to deny her claim was not unlawful as being retroactive because her eligibility for unemployment benefits did not accrue until after effective date of such amendments).

Plaintiff's reliance on *Zaragoza v. Director of Department of Revenue, supra,* in support of a contrary result is misplaced. There, the court rejected a driver's argument that the 1981 amendments to § 42–2–122(1)(g) were improperly being applied retroactively against him to support the revocation of his license where only one of the two predicate criminal offenses had occurred after the effective date of these amendments. Rather, the *Zaragoza* court held that only the triggering offense need have occurred after the effective date of the 1981 amendments for those amendments to have properly applied. *See also Sommer v. Department of Revenue*, 714 P.2d 901 (Colo.1986); *Sanchez v. State*, 667 P.2d 779 (Colo.App.1983).

Contrary to plaintiff's argument, the *Zaragoza* court did *not* hold that the trig-

gering event for the lawful application of any amendments to § 42–2–122 at any time must always be the commission of any of the predicate *offenses* after the effective date of the amendments. Rather, only the triggering event must occur after the effective date of any amendments, which *in that case* was the commission of an offense, pursuant to the effective date clause of the 1981 legislation, which provided that those amendments "shall take effect July 1, 1981, and *shall apply to offenses committed on or after said date.*" Colo. Sess. Laws 1981, ch. 486 at 1930 (emphasis added).

In contrast, the effective date clause of the 1990 legislation here contains no comparable language and provides only that these amendments "shall take effect July 1, 1990." Colo. Sess. Laws 1990, ch. 298 at 1787. Thus, the triggering event for the lawful application of the 1990 amendments is only that one of the predicate *convictions* occur after July 1, 1990, as in this case, not that one of the predicate *offenses* occur after that date. *See Zaragoza v. Director of Department of Revenue, supra.*

Plaintiff's assertion that the judgment must be reversed because the Department had failed to adopt regulations as required by *Elizondo v. State,* 194 Colo. 113, 570 P.2d 518 (1977) is only peripherally relevant here because there was no statutory authority extant at the time which would have allowed granting of a probationary license. But, in any event, contrary to this contention, the Department had indeed promulgated regulations on this subject. *See* Department of Revenue Regulation No. 2–122.4(B), 1 Code Colo. Reg. 204–8.

Accordingly, we hold that the district court properly upheld the Department's order here because we conclude, as did the district court, that plaintiff was not eligible for a probationary license.

Judgment affirmed.

NEY and DAVIDSON, JJ., concur.