MISSION VIEJO COMPANY and Mission Viejo Business Properties, Petitioners–Appellees,

and

Board of Assessment Appeals of the State of Colorado, Appellee,

v.

BOARD OF EQUALIZATION OF DOUGLAS COUNTY, Respondent–Appellant.

No. 95CA1870.

Colorado Court of Appeals, Div. II.

Dec. 12, 1996.

Rehearing Denied Feb. 6, 1997.

Certiorari Denied Sept. 8, 1997.

Downey & Knickrehm, P.C., Thomas E. Downey, Jr., Henry J. Rickelman, Denver, for Petitioners–Appellees.

Gale A. Norton, Attorney General, Stephen K. ErkenBräck, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Appellee.

J. Mark Hannen, Douglas County Attorney, Thomas W. McNish, Assistant County Attorney, Castle Rock, for Respondent–Appellant.

Opinion by Chief Judge STERNBERG.

Respondent, Douglas County Board of Equalization (Equalization Board), appeals from a ruling by the Board of Assessment Appeals (BAA). A 1992 statutory amendment provided that indirect or "soft" costs could not be considered in applying the market approach to valuation of vacant land. The issue on appeal is whether that amendment applies to the 1992 valuation of vacant land owned by petitioners, Mission Viejo Company and Mission Viejo Business Properties (taxpayers). The BAA held that the amendment did not apply. We affirm.

In 1992, the Douglas County Assessor valued five parcels of vacant land owned by taxpayers, and, as required by law, the assessor issued Notices of Valuation by May 1, 1992. See § 39–5–232, C.R.S. (1994 Repl.Vol. 16B). Taxpayers challenged the valuations, but the Assessor denied the challenge on June 30, 1992. Until 1992, the statute provided, in pertinent part:

The assessing officers shall give appropriate consideration to the cost approach, market approach, and income approach to appraisal as required by the provisions of section 3 of article X of the state constitution in determining the actual value of vacant land. When using the market ap-

proach to appraisal in determining the actual value of vacant land, assessing officers shall take into account, but need not limit their consideration to, the following factors: The anticipated market absorption rate, the size and location of such land, the *cost* of development, any amenities, any site improvements, access, and use. . . .

Colo. Sess. Laws 1989, ch. 324, § 39–1–103(14)(b) at 1449 (emphasis added).

During the 1992 Session, effective June 2, 1992, the General Assembly amended the statutory provision for valuation of vacant land to clarify the date of valuation for assessment and specifically to prohibit the consideration of indirect costs in determining the actual value of vacant land:

When using the market approach to appraisal in determining the actual value of vacant land as of the assessment date, assessing officers shall take into account, but need not limit their consideration to, the following factors: The anticipated market absorption rate, the size and location of such land, the *direct costs* of development, any amenities, any site improvements, access, and use. . . . *For purposes of such discounting, direct costs of development shall be taken into account. . . . For purposes of this paragraph (b), no indirect costs of development, including, but not limited to, costs relating to marketing, overhead, or profit, shall be considered or taken into account.*

Section 39–1–103(14)(b), C.R.S. (1994 Repl. Vol. 16B) (emphasis added to reflect relevant changes).

On August 6, 1992, the Equalization Board denied taxpayers' appeal from the assessor's denial of its protest, and taxpayers thereafter appealed the decision to the BAA. The BAA ruled that the change in the law did not apply to the 1992 tax year and that indirect costs should be considered in the valuation of taxpayers' vacant land. Specifically, the BAA concluded:

The Legislature does in some cases indicate a retroactive requirement in new statutes and amendments. This indication was not included in the June 2, 1992 amendment in question. The Board, therefore, is of the opinion that the legislature did not intend for the amended statute to be applied retroactively.

This appeal followed.

## I.

██ The Equalization Board contends that the amendment should be applied to the 1992 tax year. We disagree.

██ Legislation is presumed to have prospective effect unless the General Assembly expresses contrary intent. Section 2–4–202, C.R.S. (1980 Repl.Vol. 1B). Likewise, an amendment to a statute is not to be given retroactive application unless such intent is clear from the amendatory language. *Kirby of Southeast Denver, Inc. v. Industrial Commission,* 732 P.2d 1232 (Colo.App.1986).

██ The assessment date for all taxable property in the state is January 1 of each year. All property is valued as of that date. Section 39–1–105, C.R.S. (1994 Repl.Vol. 16B). The pre-amendment statute required the assessor to consider indirect costs when valuing vacant land under the market approach. *Douglas County Board of Equalization v. Fidelity Castle Pines, Ltd.,* 890 P.2d 119 (Colo.1995).

Here, the statutory language did not specify that the amendment was to be applied retroactively to the 1992 tax year, and we decline to attribute to the General Assembly an intent to enact a statutory amendment controlling activities including appraisal which necessarily took place before the amendment was enacted. Therefore, we hold that the amendment does not apply to valuation of taxpayers' land for the 1992 tax year.

## II.

The Equalization Board next contends that the application of the amendment to the 1992 tax year is proper because these valuations were not yet complete when the amendment became effective. Therefore, they argue, application of the amendment would not be retroactive. We disagree with this contention.

In *State Board of Equalization v. American Airlines, Inc.*, 773 P.2d 1033 (Colo.1989), *cert. denied sub nom. United Air Lines, Inc. v. Board of Assessment Appeals*, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989), the supreme court addressed similar issues. The court held that a then new federal statute did not apply to the 1982 tax year under circumstances in which the tax assessments had been completed prior to the effective date of the statute. Like the present case, the valuations in that case took place early in the calendar year, and the taxpayers were notified of the valuations in May of that year.

Because the taxpayers had the right to challenge the valuations, the court held that the assessment process there was completed when the property tax administrator ruled on the taxpayers' objections on July 30. Therefore, because the statute in question did not become effective until September 3, it could not apply to assessments that had already been completed.

Here, the Board of Equalization contends that the rationale of *American Airlines, supra*, requires us to hold that the amendment does apply to the 1992 tax year. They note that while the assessment date was January 1, 1992, and the Douglas County Assessor issued Notices of Valuation by May 1, 1992, as required by law, taxpayers challenged the valuations, and the Assessor denied their objections on June 30, 1992. Thus, they argue, because the effective date of the vacant land valuation amendment was June 2, 1992, the amendment should apply to assessments which were not completed by that date.

The *American Airlines* case does not require such a holding here. The *American Airlines* court simply noted that, in that case, the assessments were complete, and that the statutory provision applied only to assessments made on or after the effective date of the statute. The court did not address a scenario such as the one at issue here in which the valuations had been completed, but a final ruling on the taxpayers' objections had not been entered as of the effective date of the amendment.

As noted in Part I, the General Assembly did not express an intent to apply the amend-

ment retroactively to completed property valuations, and we decline to read such a provision into the amendment. Such a scheme could lead to inconsistent valuation of land across the state, a result which is contrary to the purpose of the statewide property tax statutes. We therefore reject this interpretation.

The order of the Board of Assessment Appeals is affirmed.

CRISWELL and KAPELKE, JJ., concur.